Brian Keith McGILL, Appellant

v.

The STATE of Texas, Appellee.

No. 05–05–00904–CR.

Court of Appeals of Texas,
Dallas.

Aug. 22, 2006.

today.

Brian Keith McGill, Huntsville, David J. Pire, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Criminal District Attorney, Laura Anne Coats, Assistant District Attorney, Dallas, for the State.

Before Justices MORRIS, FITZGERALD, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

At trial, Brian Keith McGill was convicted of possession of cocaine with intent to deliver and unauthorized use of a motor vehicle. In this appeal, appellant challenges his conviction for possession of cocaine. In seven issues, he complains about the trial court's entry of a deadly weapon finding, the factual sufficiency of the evidence against him, the effectiveness of his trial counsel, and the voluntariness of his plea. We modify the trial court's judgment to delete the deadly weapon finding. We affirm the judgment as modified. We hold specifically that by voluntarily pleading guilty, appellant waived a factual sufficiency review.

### FACTUAL BACKGROUND

Appellant pleaded guilty to the offense of possession of cocaine with intent to deliver. He acknowledged his guilt for the offense and stated that he was pleading guilty freely. He stated that he was aware of the full punishment range for the offense. During the plea hearing, the State requested "the Court to take judicial notice of the entire contents of the court file, including the probable cause affidavit." The contents of this file are not before this Court.

At the sentencing hearing in the case, appellant testified on cross-examination that he did not have drugs on his person when he was arrested at a drug house. Appellant asserted that he intended only to buy drugs at the location and had not yet entered the house when he was arrested. He denied any knowledge that there was a gun inside the drug house. No other evidence was offered to show his use or exhibition of a deadly weapon during the offense.

Appellant admitted at the sentencing hearing that he had been to prison "a few times" and had been on probation in the past. He admitted to previous convictions for unauthorized use of a motor vehicle, several drug possession offenses, and theft from a person.

## DISCUSSION

■ In his first three issues, appellant complains about the affirmative deadly weapon finding in the judgment. We will first address issue number two, appellant's contention that the evidence to support the finding was legally insufficient. Appellant did not enter a plea of true to the deadly weapon issue, nor did the indictment allege he used or exhibited a deadly weapon. *See Alexander v. State,* 868 S.W.2d 356, 361 (Tex.App.-Dallas 1993, no pet.). We must therefore review the record to determine whether, after viewing the evidence in the light most favorable to the State, any rational fact finder could have found beyond a reasonable doubt that appellant used or exhibited a deadly weapon during the drug possession offense. *See Cates v. State,* 102 S.W.3d 735, 738 (Tex.Crim.App. 2003).

The evidence in this case indicates only that appellant was aware the State was seeking a deadly weapon finding. The trial judge at punishment commented that "there was a gun" in the house where the drugs were found, but no evidence before us supports the comment. In its brief, the State argues that "[a]lthough not contained in the clerk's record, at trial the trial court had both the probable cause affidavit and [pre-sentence investigation report] both of which reasonably would include statements regarding the deadly weapon found at the scene." But we cannot base our sufficiency review on what these documents might reasonably have included. Based on the record before us,

the evidence supporting the deadly weapon finding is legally insufficient. We therefore resolve appellant's second issue in his favor. We modify the judgment to delete the affirmative deadly weapon finding. *See* TEX.R.APP. P. 43.2(b); *Asberry v. State,* 813 S.W.2d 526, 529–30 (Tex.App.-Dallas 1991, pet. ref'd). Due to our disposition of issue two, it is not necessary for us to address appellant's first and third issues.

■ In his fourth issue, appellant complains the evidence against him was factually insufficient. Appellant specifically contends he should not have been convicted because, after pleading guilty and judicially confessing to the offense, he testified that he had gone to the drug house to purchase drugs rather than sell them, he did not have any drugs on his person when the police arrested him, and he was unaware the police found twenty-four grams of cocaine in the house. Notwithstanding appellant's argument, we conclude his testimony from the punishment phase of trial failed to create a factual sufficiency issue in the case. Our reason follows.

■ The Texas Constitution confers upon the courts of appeals of the state, in its general grant of appellate jurisdiction, "the power to review fact questions." *Clewis v. State,* 876 S.W.2d 428, 441 (Tex. App.-Dallas 1994) (McGarry, C.J., concurring), *vacated,* 922 S.W.2d 126 (Tex.Crim. App.1996). Accordingly, a defendant who appeals his conviction to a Texas court of appeals has a constitutional right to an appellate review of fact questions. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim.App.1996). In a factual sufficiency review of a criminal case, an appellate court answers only one question: Considering all of the evidence in a neutral light, was the fact finder rationally justified in finding guilt beyond a reasonable doubt? *See Zuniga v. State,* 144 S.W.3d 477, 484 (Tex.Crim.App.2004). But in a guilty plea

case, there is no burden on the State to prove guilt beyond a reasonable doubt.

■ The entry of a valid guilty plea "has the effect of admitting all material facts alleged in the formal criminal charge." *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex.Crim.App.1986). In a trial before the court, once a defendant enters a valid guilty plea, no constitutional "fact questions" remain for the purposes of his constitutional right to a factual sufficiency review of the evidence used to convict him. The State is no longer required to prove his guilt beyond a reasonable doubt. *See id.* In fact, for the purposes of federal due process, a plea of guilty is itself a conviction awaiting only determination of punishment. *See Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see also O'Brien v. State*, 154 S.W.3d 908, 910 (Tex.App.-Dallas 2005, no pet.) (holding no federal due process right to factual sufficiency review). In Texas, however, the State is also bound by statute to support the plea with sufficient evidence. *See* TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005).

■ In a guilty plea case where the defendant has waived his right to a jury trial, the State must "introduce evidence into the record showing the guilt of the defendant." *Id.; see also Young v. State*, 8 S.W.3d 656, 661 (Tex.Crim.App.2000). Under this "procedural safeguard," there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *See Ex parte Martin*, 747 S.W.2d 789, 792 (Tex.Crim.App.1988). Instead, the supporting evidence must simply embrace every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex.Crim.App.1996).

Our review of the record to determine whether the State complied with article 1.15 is not a factual sufficiency review.[1]

■ We note that in a trial before the court, when evidence is introduced that either makes the defendant's innocence evident or reasonably and fairly raises an issue as to his guilt, the trial court has the authority to consider the facts of the case and decide that the "evidence did not create a reasonable doubt as to guilt" or, alternatively, acquit the defendant or find him guilty of a lesser included offense. *See Aldrich v. State*, 104 S.W.3d 890, 893 (Tex.Crim.App.2003). In such circumstances, the trial court is not required to affirmatively withdraw the defendant's plea before choosing to evaluate the State's evidence under a reasonable doubt standard. *See Moon v. State*, 572 S.W.2d 681, 682 (Tex.Crim.App.1978). The court may simply proceed as though it has withdrawn the guilty plea and entered a not guilty plea in its place. *See id.* There is no duty placed upon the trial court to inform the parties of this change; indeed the court of criminal appeals describes the process as the court just "consider[ing] the evidence that is before it." *Aldrich*, 104 S.W.3d at 894. Thus, in a guilty plea case before the court, it is impossible to conclusively discern from the judgment of guilt whether the court ever switched to the reasonable doubt standard.

■ Moreover, the authority of the trial court to acquit under the reasonable doubt standard a defendant who has pleaded guilty does not create a defendant's right to factual sufficiency review of his guilty plea case. Despite its 1978 holding in *Moon* that a trial court was permitted to

---

1. Appellant did not raise a complaint under article 1.15 in his appellate brief. Nevertheless, in the interest of justice, we conclude the judicial confession in his case constituted sufficient evidence to support his plea under article 1.15. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App.1979).

acquit a defendant under the reasonable doubt standard without affirmatively withdrawing his guilty plea, in 1988 the court of criminal appeals reaffirmed that a legal sufficiency analysis had "no application" in guilty plea cases. *See Martin,* 747 S.W.2d at 791 (citing *Williams,* 703 S.W.2d at 674). Plainly, if the reasonable doubt standard under a legal sufficiency analysis may not be employed in reviewing guilty plea cases, a factual sufficiency analysis may not be employed to determine if the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *See Zuniga,* 144 S.W.3d at 484.

■■■ A defendant relinquishes his right to complain about the State's proof of his guilt beyond a reasonable doubt when he voluntarily enters his guilty plea. Due process is not denied by a conviction based on a plea of guilty accompanied by a strong factual basis for the plea and a defendant's clearly expressed desire to enter it despite his professed innocence. *Mendez v. State,* 138 S.W.3d 334, 344 (Tex. Crim.App.2004) (citing *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). The number of cases in which defendants change their mind about the waiver of their right to plead not guilty is small, the appearance of evidence inconsistent with guilt is unpredictable to the court, and cases are common in which there is some evidence in the defendant's favor but he has validly chosen to plead guilty after weighing the advantage of such a plea against the chance of acquittal. *See Mendez,* 138 S.W.3d at 350. After a trial court has implemented the constitutional rights entailed in the entry of a guilty plea, it is "appropriate that the defendant be required to take some affirmative action to don the armor again" if he wants an appellate court to review the factual sufficiency of the evidence against him. *See id.*

■■■ If a guilty-pleading defendant decides mid-trial that he wants to compel the trial court to evaluate the evidence under the reasonable doubt standard, he must seek to withdraw the plea of guilty. If he fails to do so, he is precluded from having an appellate court review the evidence against him under the traditional legal and factual sufficiency analyses. *See Simpson v. State,* 67 S.W.3d 327, 329 (Tex.App.-Texarkana 2001, no pet.); *see also State v. Masonheimer,* 154 S.W.3d 247, 255 (Tex. App.-Eastland 2005, pet. granted).[2] A defendant's choice to plead guilty in a trial before the court conclusively alters the trial court's standard for evaluating the State's case. It thereby alters this Court's standard for reviewing the trial court's judgment. In this case, appellant entered a guilty plea supported by a judicial confession and asserted his plea was voluntary. By doing so, we hold he waived his right to complain of the factual sufficiency of the evidence supporting his conviction.

2. We also note that in *Keller v. State,* 125 S.W.3d 600 (Tex.App.-Houston [1st Dist.] 2003, pet. dism'd), the Houston Court of Appeals relied on our opinion in *Ybarra v. State,* 960 S.W.2d 742, 745 (Tex.App.-Dallas 1997, no pet.), in holding that "a defendant who pleads guilty to the court by executing a valid judicial confession waives any challenge to the factual sufficiency of the evidence." *Keller,* 125 S.W.3d at 605. Our *Ybarra* opinion, in turn, relied on the now-abandoned holding of the Texas Court of Criminal Appeals in *DeGarmo v. State,* 691 S.W.2d 657 (Tex.Crim. App.1985), that an appellant's admission of guilt at punishment waives all trial court error occurring during the guilt-innocence phase of trial. *Ybarra,* 960 S.W.2d at 745 (citing *DeGarmo,* 691 S.W.2d at 661). The court of criminal appeals reversed *DeGarmo* on this very issue in *Leday v. State,* 983 S.W.2d 713, 725–26 (Tex.Crim.App.1998). Therefore, although we agree with the outcome in *Keller,* we no longer embrace our *Ybarra* opinion on this issue.

We resolve appellant's fourth issue against him.

In his fifth issue, appellant complains he received ineffective assistance of counsel at trial. He specifically argues that counsel erred by failing to request that the trial court convict him of the lesser included offense of attempted possession of a controlled substance. We evaluate the effectiveness of counsel under the standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State,* 988 S.W.2d 770, 770 (Tex.Crim.App. 1999). To prevail on his claim, appellant must show (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland,* 466 U.S. at 687–88, 694, 104 S.Ct. 2052. Our review of counsel's performance is highly deferential, and we presume counsel provided reasonable assistance. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim.App.2002). When the record is silent about the motivation of counsel's tactical decisions, the appellant usually cannot overcome the strong presumption that counsel acted reasonably. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App.2001). We commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State,* 159 S.W.3d 98, 101 (Tex. Crim.App.2005).

Here, appellant contends that, based on his claim during the punishment phase of trial that he had not possessed any drugs himself and had instead been arrested before he was able to purchase any drugs, trial counsel should have asked the trial court to convict him of the lesser included offense of attempted possession of a controlled substance. The record, however, contains no explanation for how counsel decided to manage appellant's trial or what evidence the State was prepared to offer against appellant, had he decided against a guilty plea. Counsel may have been pursuing a reasonable trial strategy in appellant's case. Accordingly, based on the record before us, we conclude appellant has failed to meet his burden of proving ineffective assistance of counsel. *See Aldrich,* 104 S.W.3d at 896. We resolve appellant's fifth issue against him.

In his sixth issue, appellant claims the trial court erred by "not conducting an inquiry to determine the voluntariness of appellant's plea after the appellant denied key elements of the offense charged." Essentially, appellant complains that when he testified he had not in fact possessed the drugs, the trial court should have sua sponte inquired whether he was entering his guilty plea voluntarily. The court of criminal appeals has specifically held that when a defendant has waived trial by jury and pleaded guilty, the trial court has no duty to conduct a special proceeding to evaluate that plea when evidence inconsistent with guilt is introduced. *See Mendez,* 138 S.W.3d at 350 (citing *Aldrich,* 104 S.W.3d at 896). We resolve appellant's sixth issue against him.

In his seventh and final issue, appellant contends the facts of the case demonstrate that he did not understand the elements of the drug offense or the deadly weapon issue in the case. He further contends that his repeated requests for probation, despite his extensive criminal history, show he did not fully understand the consequences of entering a guilty plea. Article 26.13 of the Texas Code of Criminal Procedure requires a trial court to give certain admonishments before accepting a plea of guilty, and the admonishments may

be given either orally or in writing. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a), (d) (Vernon 1989 & Supp.2006). Proper admonishment by the trial court creates a prima facie showing that the defendant entered a knowing and voluntary plea. *See Martinez v. State,* 981 S.W.2d 195, 197 (Tex.Crim.App.1998). Once a prima facie showing of voluntariness is made, the burden shifts to the defendant to show that he entered the plea without knowing its consequences and was thereby harmed. *See id.*

■ The record in this case shows, and appellant does not deny, that he was properly admonished about the consequences of his plea. He has made no showing that his plea was made involuntarily. To the contrary, he insisted that he was pleading guilty voluntarily and was aware of the full punishment range for his offense. He acknowledged, upon questioning by his attorney, that the trial court was not bound to give him probation. We therefore resolve appellant's seventh issue against him.

We modify the judgment to delete the affirmative finding of a deadly weapon. As modified, we affirm the trial court's judgment.