OPINION HEADING PER CUR 









                NO. 12-07-00028-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

JULIUS
TURNER,   §          APPEAL FROM THE THIRD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Julius Turner appeals his convictions for two counts of
aggravated sexual assault of a child, for which he was sentenced to
imprisonment for life on each count.  On
appeal, Appellant argues that his convictions have no underlying evidentiary
support because his written stipulations are not valid.  We affirm.

Background

            Appellant was charged by indictment with one hundred
eighty-two counts of aggravated sexual assault of a child.  Appellant waived his right to a jury trial
and pleaded “guilty” as charged as to counts one and two.  Count one alleged that Appellant
intentionally or knowingly caused the penetration of the sexual organ of B.P.
by his finger.  Count two alleged that
Appellant intentionally or knowingly caused the penetration of the sexual organ
of B.P. by Appellant’s sexual organ. 
Appellant signed a written stipulation to the evidence supporting these
allegations, and the trial court found Appellant “guilty” on both counts.  Thereafter, a trial on punishment was
conducted.

            During the punishment phase, Appellant’s common law wife’s
daughter, B.P., testified that Appellant “messed with her” for the first time
the day before she began the fifth grade. 
B.P. explained that Appellant had put his hand “down there in [her]
private area.”  B.P. further testified
that Appellant told her that he would kill her mother if she said anything
about what he had done. 








B.P. also testified that later
during her fifth grade year, Appellant began regularly having sex with
her.  B.P. stated that she told Appellant
to stop and tried to push him off, but that he held her hands down.  

            Ultimately, the trial court sentenced Appellant to
imprisonment for life on each count. 
This appeal followed.

Texas Code of Criminal Procedure, Article 1.15

            In his sole issue, Appellant argues that his stipulations
to the evidence in support of his guilty pleas are invalid for their failure to
comply with Texas Code of Criminal Procedure, article 1.15, and as a result,
there is no evidence to support his convictions.

            In a guilty plea case where the defendant has waived his
right to a jury trial, the State must introduce evidence into the record
showing the guilt of the defendant.  McGill
v. State, 200 S.W.3d 325, 330 (Tex. App.–Dallas 2006, no pet.).  Under this procedural safeguard, there is no
requirement that the supporting evidence prove the defendant’s guilt beyond a
reasonable doubt.  Id.  Instead, the supporting evidence must simply
embrace every essential element of the offense charged.  Id.

            Article 1.15 provides as follows:

 

No
person can be convicted of a felony except upon the verdict of a jury duly
rendered and recorded, unless in felony cases less than capital, the defendant,
upon entering a plea, has in open court in person waived his right of trial by
jury in writing in accordance with Articles 1.13 and 1.14; provided, however,
that it shall be necessary for the state to introduce evidence into the record
showing the guilt of the defendant and said evidence shall be accepted by the
court as the basis for its judgment and in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same.  The evidence may be stipulated if the
defendant in such case consents in writing, in open court, to waive the
appearance, confrontation, and cross-examination of witnesses, and further
consents either to an oral stipulation of the evidence and testimony or to the
introduction of testimony by affidavits, written statements of witnesses, and
any other documentary evidence in support of the judgment of the court.  Such waiver and consent must be approved by
the court in writing, and be filed in the file of the papers of the cause.

 

Tex.
Code. Crim. Proc. Ann. art. 1.15 (Vernon 2005).

            Article 1.15 is mandatory and must be followed for a
stipulation to be considered as evidence where the plea is before the
court.  See Messer v. State,
729 S.W.2d 694, 698 (Tex. Crim. App. 1986) (op. on rehearing).  The statute has always had application to a
plea of not guilty entered before the court where a jury trial has been
waived.  Id.

            In the instant case, the record contains no written
waiver by Appellant of his rights to appearance, confrontation, or cross
examination.  As such, Appellant’s
stipulation may not be considered as evidence. 
However, in our review of the record, we may consider evidence
introduced during the trial on punishment. See Lopez v. State,
852 S.W.2d 695, 697 (Tex. App.–Corpus Christi 1993, no pet.), overruled on
other grounds, Resendez v. State, 160 S.W.3d 181, 186 n.3 (Tex. App.–
Corpus Christi 2005, no pet.).

            In the case at hand, during the punishment phase,
Appellant’s common law wife’s daughter, B.P., testified that Appellant “messed
with her” for the first time the day before she began the fifth grade.  B.P. explained that Appellant had put his
hand “down there in [her] private area.” 
B.P. further testified that Appellant told her that he would kill her
mother if she said anything about what he had done.  B.P. also testified that later during her
fifth grade year, Appellant began regularly having sex with her.  B.P. stated that she told Appellant to stop
and tried to push him off, but that he held her hands down.[1]  We hold that there was ample evidence
admitted during Appellant’s trial on punishment embracing every essential
element of the offense charged.  See Tex. Penal Code Ann. § 22.021(a)(1)(B)
(Vernon Supp. 2005).  Appellant’s sole
issue is overruled.

 

Disposition

            Having overruled Appellant’s sole issue, we affirm
the trial court’s judgment.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered July 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)











[1] Appellant
argues that the evidence supporting the convictions to which he pleaded guilty
must be supported by evidence sufficient to prove the essential elements of the
offense beyond a reasonable doubt.  As
set forth above, the supporting evidence must simply embrace every essential
element of the offense charged.  See McGill,
200 S.W.3d at 330.  Nonetheless, we note
that the testimony of a sexual assault victim alone can amount to legally
sufficient evidence to support a conviction. 
Hellums v. State, 831 S.W.2d 545, 547 (Tex. App.–Austin
1992, no pet.).