NO.
12-07-00003-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JASON
ALLEN LADD,       §                      APPEAL FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      VAN ZANDT COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION








            Jason
Allen Ladd appeals his conviction for failure to register as a sex
offender.  In one issue, Appellant argues
that there is no evidence to support his conviction.  We affirm.

 

Background

            Appellant was charged by indictment
with failure to register as a sex offender.[1]  Appellant pleaded “guilty” and signed a
stipulation to evidence in support thereof. 
The matter proceeded to a trial on punishment.  Ultimately, the trial court sentenced
Appellant to imprisonment for ten years and fined Appellant two thousand
dollars.  This appeal followed.

 

Evidentiary Support of Conviction Following
Guilty Plea

            In his sole issue, Appellant argues
that there is no evidence in the record to support his conviction.  Article 1.15 provides, in pertinent part, as
follows:

 








No person can be convicted of a felony except upon the
verdict of a jury duly rendered and recorded, unless in felony cases less than
capital, the defendant, upon entering a plea, has in open court in person
waived his right of trial by jury in writing in accordance with Articles 1.13
and 1.14; provided, however, that it shall be necessary for the state to
introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no
event shall a person charged be convicted upon his plea without sufficient
evidence to support the same . . . 

 

 

Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).

            In a guilty plea case where the
defendant has waived his right to a jury trial, the State must introduce evidence
into the record showing the guilt of the defendant.  McGill v. State, 200 S.W.3d
325, 330 (Tex. App.–Dallas 2006, no pet.). 
Under this procedural safeguard, there is no requirement that the
supporting evidence prove the defendant’s guilt beyond a reasonable doubt.  Id.  Instead, the supporting evidence must simply
embrace every essential element of the offense charged.  Id.  Article 1.15 is mandatory and must be
followed for a stipulation to be considered as evidence where the plea is
before the court.  See Messer v.
State, 729 S.W.2d 694, 698 (Tex. Crim. App. 1986) (op. on
rehearing).  A stipulation to evidence is
a substitute for the presentation of evidence of the facts at issue.  If a defendant elects to stipulate to
evidence against him, his stipulation is a kind of judicial admission in that
it is a formal concession in the pleadings in the case or stipulation by a
party or counsel that has the effect of withdrawing a fact from issue and
dispensing wholly with the need for proof of the fact.  See Bryant v. State, 187 S.W.3d
397, 400 (Tex. Crim. App. 2005); Jones v. State, No.
12-05-00373-CR, 2006 WL 3086168, at *2 (Tex. App.–Tyler Nov. 1, 2006, no pet.).

            In the case at hand, Appellant
argues that the date of the offense in the stipulation he signed was prior to
the date by which he was required to register under the law.  Thus, Appellant contends, the facts to which
he stipulated do not properly support his conviction.  We disagree. 
Although as the State concedes, the stipulation Appellant signed did not
contain the correct date, Appellant further stipulated that he committed the
offense of sex offender’s duty to register “exactly as charged within the
indictment or information.”  The
indictment charged that Appellant, on or about August 7, 2005,  while being a person required to register
with the local law enforcement authority in Van Zandt County because of a
reportable conviction for sexual assault of a child, intentionally, knowingly,
or recklessly failed to verify registration by failing to report once each year
not earlier than the thirtieth day before and not later than the thirtieth day
after the anniversary of his date of birth. 
Since the record reflects that Appellant judicially confessed that he
committed the charged offense exactly as set forth in the indictment, which
contained a date outside the registration deadline, we hold that there is
supporting evidence for Appellant’s conviction which embraces every essential element of the
offense charged.  See Tex. Code Crim. Proc. Ann. § 62.051; McGill,
200 S.W.3d at 330.  Appellant’s sole
issue is overruled.

 

Disposition

            Having overruled Appellant’s sole
issue, we affirm the trial court’s judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered August 8, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

            

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex. Code Crim. Proc. Ann. § 62.051 (Vernon 2006).