NO.
12-06-00412-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WADE PADGETT,   §                      APPEAL FROM THE SEVENTH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Wade Padgett
appeals his conviction for burglary of a habitation.  On appeal, Appellant argues that the
stipulation of evidence is insufficient to convict him of a first degree felony
offense. We affirm.

 

Background

            Appellant
was charged by indictment with four counts of burglary of a habitation.[1]  On August 29, 2006, Appellant entered an
open plea of guilty to burglary of a habitation and committing or attempting to
commit the felony offense of stalking.[2]








 
On the same date, Appellant and his counsel signed an agreed punishment
recommendation, an acknowledgment of admonishments, a waiver of jury trial, an
agreement to stipulate testimony, a waiver of motion for new trial and motion
in arrest of judgment, a waiver of his right to appeal, and a written
stipulation of evidence in which Appellant swore that all allegations pleaded
in the indictment were true and correct and constituted the evidence in the
case.  The trial judge and the attorney
for the State approved Appellant’s waiver of jury trial and agreement to
stipulate testimony.  Further, the trial
judge signed Appellant’s written stipulation of evidence.  The trial court accepted Appellant’s plea,
adjudged him guilty of the charged offense, and, after a sentencing hearing,
assessed his punishment at life imprisonment.[3]  This appeal followed.

 

Evidentiary
Sufficiency

            In
his sole issue, Appellant argues that the stipulation of evidence is
insufficient to convict him of a first degree felony offense in accordance with
article 1.15 of the Texas Code of Criminal Procedure.  More specifically, he contends that the
stipulation of evidence is insufficient because it did not include a
designation of whether the stalking offense was against a person or against
property.  Appellant argues that the
stipulated evidence is sufficient for a conviction of entry of a habitation to
commit the offense of theft, a second degree felony.

Standard of Review








            According
to article 1.15 of the Texas Code of Criminal Procedure, no person can be
convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless he, upon entering a plea, has in open court in person waived
his right of trial by jury in writing.  Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).  Article 1.15 also states
that it is necessary for the State to introduce evidence into the record
showing the guilt of the defendant and “in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same.”  Id. 
This evidence may be stipulated if the defendant consents in writing, in
open court, to waive the appearance, confrontation, and cross examination of
witnesses, and further consents either to an oral stipulation of the evidence and
testimony or to the introduction of testimony by affidavits, written statements
of witnesses, and any other documentary evidence in support of the judgment of
the court. Id.  If the
defendant elects to stipulate to evidence against him, his stipulation is a
kind of judicial admission, a “formal confession[ ] in the pleadings in the
case or stipulations by a party or counsel that have the effect of withdrawing
a fact from issue and dispensing wholly with the need for proof of the fact.”  Bryant v. State, 187 S.W.3d 397, 400
(Tex. Crim. App. 2005) (quoting John W. Strong, et al., McCormick on Evidence § 255 (5th ed. 1999)).

            Although
a plea of guilty is an admission of guilt of the offense charged, it does not
authorize a conviction in a bench trial upon such plea unless there is evidence
offered to support the plea and the judgment to be entered.  Dinnery v. State, 592 S.W.2d 343, 351
(Tex. Crim. App. 1979).  A judicial
confession, standing alone, is sufficient to sustain a conviction upon a guilty
plea and to satisfy the requirements of article 1.15.  Id. at 353.  Reviewing the sufficiency of the evidence to
support a judgment under article 1.15 upon a plea of guilty requires that an
appellate court apply a different standard of review than when it reviews legal
sufficiency under the standard required by Jackson v. Virginia,
443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  Keller v. State, 125 S.W.3d
600, 604-05 (Tex. App.–Houston [1st Dist.] 2003, pet. dism’d, improvidently
granted). Instead, the supporting evidence must simply embrace every essential
element of the offense charged.  McGill
v. State, 200 S.W.3d 325, 330 (Tex. App.–Dallas 2006, no pet.).

Applicable Law








            A
person commits the offense of burglary if, without the effective consent of the
owner, the person enters a habitation with the intent to commit a felony,
theft, or an assault, or enters a building or habitation and commits or
attempts to commit a felony, theft, or an assault.  Tex. Penal Code Ann. §
30.02(a)(1), (3) (Vernon 2003).  The
offense is a first degree felony if the premises are a habitation and any party
to the offense entered the habitation with the intent to commit a felony other
than felony theft or committed or attempted to commit a felony other than
felony theft.  Tex. Penal Code Ann. § 30.02(d) (Vernon 2003).  A person commits the offense of stalking if
the person, on more than one occasion and pursuant to the same scheme or course
of conduct that is directed specifically at another person, knowingly engages
in conduct, including following the other person, that the actor knows or
reasonably believes the other person will regard as threatening bodily injury
or death for the other person, bodily injury or death for a member of the other
person’s family or household, or the commission of an offense against the other
person’s property.  Tex. Penal Code Ann. § 42.072(a)(1)
(Vernon 2003).  An offense under section
42.072(a) is a third degree felony, except that the offense is a second degree
felony if the actor has previously been convicted under this section.  Tex.
Penal Code Ann. § 42.072(b) (Vernon 2003).

Analysis

            Appellant
contends that his stipulation of evidence is insufficient, taken alone, to
determine whether the charged offense should have been a first degree
felony.  He argues that although stalking
is always a felony offense, it may be a crime against either a person or
property.  Unless the stipulation stated
that the underlying offense of stalking was committed against a person, Appellant
contends, the only evidence that comported with the stipulation was a crime
against property or, more specifically, theft. 
Thus, he argues that the charged offense should have been punished as a
second degree felony.  We disagree. 

            The
indictment stated that on or about July 3, 2005, Appellant “did then and there
intentionally or knowingly enter a habitation, without the effective consent of
Mandy Simmons, the owner thereof, and attempted to commit or committed the
felony offense of stalking.” In the written stipulation of evidence, Appellant
swore that these facts were true and correct and constituted the evidence in
this case.  Moreover, he pleaded guilty
to the offense in open court after being admonished as to the punishment range
of a first degree felony.

            In
order to elevate burglary to a first degree felony, the underlying felony can
be any felony other than felony theft.  See Tex.
Penal Code Ann. § 30.02(d). 
Stalking is always a felony offense, regardless of whether the conduct
is regarded as threatening an offense against a person or against
property.  See Tex. Penal Code Ann. §
42.072(a),(b).  Appellant stipulated that
he “attempted to commit or committed the felony offense of stalking.”  Therefore, Appellant’s stipulation of
evidence supports his conviction.  We
overrule Appellant’s sole issue.  See
Dinnery, 592 S.W.2d at 353. 

 

Disposition

            The
judgment of the trial court is affirmed.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion
delivered October 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)











[1] See Tex.
Penal Code Ann. § 30.02 (a) (Vernon 2003).





[2] Burglary of a habitation, as charged here, is
a first degree felony.  See Tex. Penal Code Ann. § 30.02 (a), (d) (Vernon 2003).





[3] An individual adjudged guilty of a felony of
the first degree shall be punished by imprisonment for life or for any term of
not more than ninety-nine years or less than five years and, in addition, a
fine not to exceed $10,000. See Tex.
Penal Code Ann. § 12.32 (Vernon 2003).