REVERSE and REMAND; Opinion Filed January 31, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

_____

## No. 05-12-00201-CR

_____

## JESUS LOPEZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-63646-V**

---

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion By Justice Myers

Jesus Lopez appeals his conviction for burglary of a habitation with the commission of aggravated assault. *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). Appellant waived his right to a jury trial and pleaded nolo contendere to the charge. After finding appellant guilty, the trial court sentenced him to twenty years' imprisonment. Appellant brings one issue on appeal contending the evidence is insufficient to support the element that appellant committed aggravated assault. We reverse the trial court's judgment and remand the cause for further proceedings.

Where a defendant knowingly, intelligently, and voluntarily pleads nolo contendere to a felony, the appellate standard of review for sufficiency of the evidence does not apply. *See O'Brien*

*v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.). The State, however, must introduce evidence into the record showing the defendant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). "[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.* There is no requirement that the evidence prove the defendant's guilt beyond a reasonable doubt. *See McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). The evidence must simply embrace each essential element of the offense charged. *Id.*

One of the essential elements in this case was that appellant committed aggravated assault. *See* PENAL 30.02(a)(3). To commit aggravated assault, the actor must either (1) use or exhibit a deadly weapon or (2) cause serious bodily injury to another. *See id.* § 22.02(a) (West 2011). After finding appellant guilty, the court refused to make a deadly weapon finding. The State agrees with appellant that there must be evidence showing appellant caused serious bodily injury to another. "'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46) (West Supp. 2012).

The evidence in this case shows that on December 4, 2010, appellant and his brother, Abraham Lopez, broke into the complainant's house, went to the bedroom where the complainant was sleeping, and punched and kicked the complainant repeatedly. The complainant went to the hospital where he received stitches above his left eye at his eyebrow. At the trial on October 17, 2011, the complainant testified he does not have good vision in his left eye:

> Q. Okay. Now, let's talk about some of the other things. Are you able to see well right now?
>
> A. No, no, I do not. This eye fails me a lot. It's not very well.

Q. Okay. Now, which eye is that that you are pointing at?

A. The one on the left side.

Q. And which eye was injured due to the actions of Abraham Lopez and the other person [appellant] that was with him?

A. My eye is not well. I do not see well out of it.

Q. Was your left or your right eye injured by Abraham Lopez and the other person [appellant]?

A. Yes, sir.

Q. Was it your left or your right?

A. The left.

The State contends this testimony constitutes evidence that appellant's assault on the complainant caused the complainant serious bodily injury. Appellant disagrees.

The State cites *Johnson v. State*, No. 05-10-00465-CV, 2011 WL 3484801 (Tex. App.—Dallas Aug. 10, 2011, no pet.) (mem. op.) (not designated for publication).[1] In that case, the complainant was beaten into unconsciousness. When she awoke, her eye was swollen shut, and she was unable to see out of the eye for three weeks. *Id.* at *1–2. We concluded the evidence was sufficient to prove protracted loss or impairment of the eye from the assault. *Id.* at *4. In that case, however, it was clear that the loss of vision occurred immediately after the assault, and the jury could conclude the vision loss was caused by the assault. *See id.* at *4.

The evidence in this case shows the complainant was beaten by appellant, received stitches in his eyebrow, and, over ten months later, stated he did not see well out of that eye. The complainant did not testify that the decreased vision was due to the beating or that it occurred

---

[1] As an opinion not designated for publication, *Johnson* has no precedential value. *See* TEX. R. APP. P. 47.7(a).

immediately after the beating. The State did not present any medical or other evidence showing the decreased vision resulted from the assault. Unlike the situation in *Johnson*, no evidence or circumstances link the complainant's diminished vision to the assault.

The evidence in this case does not "embrace" the essential element that appellant committed aggravated assault. We conclude the evidence is insufficient to meet article 1.15's requirement that the State introduce evidence showing the guilt of the defendant for burglary of a habitation while committing aggravated assault. The State's failure to meet article 1.15's requirement to introduce evidence showing the guilt of the defendant is non-constitutional trial error. *See Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). Any non-constitutional error that does not affect appellant's substantial rights must be disregarded. *See* TEX. R. APP. P. 44.2(b). When the record is devoid of evidence substantiating the defendant's guilt, the error affects appellant's substantial right to the protection of article 1.15 that "in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *See* CRIM PROC. art. 1.15; *Baggett v. State*, 342 S.W.3d 172, 176 (Tex. App.—Texarkana 2011, pet. ref'd). We conclude the trial court's error of convicting appellant on his plea of nolo contendere "without sufficient evidence to support the same" is reversible error. We sustain appellant's issue on appeal.

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120201F.U05

-4-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JESUS LOPEZ, Appellant

No. 05-12-00201-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 292nd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-63646-V).
Opinion delivered by Justice Myers, Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered January 31, 2013.

_____
LANA MYERS
JUSTICE