AFFIRM; Opinion Filed February 28, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-11-01541-CR

---

## ABRAHAM PATRICIO LOPEZ, Appellant
### V.
## THE STATE OF TEXAS, Appellee

---

On Appeal from the 292nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F10-63645-V

---

## OPINION

Before Justices Lang-Miers, Myers and Lewis
Opinion by Justice Myers

Abraham Patricio Lopez was convicted of burglary of a habitation while committing aggravated assault and sentenced to twenty years in prison. In two issues, he argues the trial court erred by sustaining the State's relevance objection and that the evidence was insufficient to support the no contest plea. We affirm the trial court's judgment.

### DISCUSSION
### *Relevance Objection*

In his first issue, appellant contends the trial court erred when it sustained the State's objection to relevance as appellant attempted "to impeach the State's key witness by establishing the witness had been deported following a drug-trafficking conviction and was currently guilty of illegal reentry into the United States."

At trial, during the cross-examination of the complainant, appellant's trial counsel established that the complainant was in a federal penitentiary in 2003 and 2005 and was released in 2007. The complainant testified that when he got out of federal prison, he went to Mexico and later came to Dallas. The record then reads as follows:

> Q. [DEFENSE COUNSEL:] You were deported, were you not, to Mexico after your sentence?
>
> [PROSECUTOR]: Objection to relevance, Your Honor.
>
> THE COURT: Sustained.
>
> Q. (By [DEFENSE COUNSEL]) At this time testifying from that—from that stand, are you an illegal alien?
>
> [PROSECUTOR]: Objection to relevance, Your Honor.
>
> THE COURT: Sustained.

Appellant's counsel then asked the complainant questions concerning what happened on the night of the offense.

During appellant's subsequent testimony, defense counsel asked appellant whether he knew the complainant had been deported from the United States. Appellant replied, "Yes," then added that he knew this because the complainant "showed me. He showed me." Appellant also testified that, when he was growing up, he did not see the complainant because he was in prison. Jesus Lopez, appellant's brother, who was indicted with appellant for the same offense and tried alongside him, *see Jesus Lopez v State*, No. 05-12-00201-CR, 2013 WL 363777 (Tex. App.—Dallas Jan. 31, 2013, no pet. h.) (mem. op., not designated for publication), testified that he knew, and his whole family knew, that the complainant was an "illegal alien" and that he was taken to Mexico after he was discharged from the federal penitentiary.

2

A ruling admitting or excluding evidence is subject to an abuse of discretion review. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). Under the abuse of discretion standard, the appellate court must uphold the trial court's ruling so long as it is within the zone of reasonable disagreement. *Robbins v. State*, 88 S.W.3d 256, 260 (Tex. Crim. App. 2002); *see also Khoshayand v. State*, 179 S.W.3d 779, 783 (Tex. App.—Dallas 2005, no pet.).

Texas Rule of Evidence 401 defines "relevance" as having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. TEX. R. EVID. 401. Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403.

In the instant case, appellant argues the complainant's reentry into the United States after deportation was a felony offense and could be used for impeachment purposes. Appellant points out that federal law provides that if an alien enters the United States following deportation for conviction for an aggravated felony, he is subject to being imprisoned for up to 20 years. *See* 8 U.S.C. § 1326(a), (b)(2). Appellant also points out that, under federal law, the term aggravated felony is defined to include illicit trafficking in a controlled substance. *See id.* §1101(a)(43).

But appellant's argument ignores the fact that, at the time defense counsel asked the deportation and immigration-related questions, the offense for which the complainant had been convicted was not established. Counsel asked the complainant questions regarding his time in a federal penitentiary and established that the complainant was detained in September of 1995, was held in a federal penitentiary in 2003 and 2005, and was released in 2007. The complainant

testified that when he was released from the penitentiary, he went to Mexico and then came to Dallas.

Counsel for Jesus Lopez later cross-examined the complainant and established that the complainant was convicted by "federal authorities" and sentenced to 169 months in prison for conspiracy. The complainant stated that he was in prison for "conspiracy to [sic] marijuana—it was a marijuana case." When counsel asked the complainant whether the conviction was for selling marijuana, the complainant replied, "No, no, just conspiracy."

According to the record, therefore, at the time defense counsel asked the complainant if he had been deported and was an "illegal alien," there was no evidence regarding the nature of the offense for which the complainant had been incarcerated. Appellant made no showing that the complainant's immigration status was relevant to proving a material issue in the case. *See TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010) (although statements about immigration status may have been offered for impeachment as prior inconsistent statements, immigration status was a collateral matter that was not relevant to proving a material issue in the case). The immigration-related evidence was likewise inadmissible under rule of evidence 608(b), which prohibits using "specific instances of the conduct of a witness" to attack the witness's credibility. *See id.* at 242. As a result, we cannot say the trial court abused its discretion by sustaining the State's relevance objection. *See* TEX. R. EVID. 401. In addition, given the circumstances of this case, the trial court could have concluded that the prejudice from defense counsel's deportation and immigration-based questions far outweighed any probative value. *See* TEX. R. EVID. 403. We overrule appellant's first issue.

4

## Sufficiency of the Evidence

In a supplemental brief, appellant argues the evidence is insufficient to support his no contest plea because the evidence does not show "serious bodily injury" occurred and, thus, that he committed aggravated assault. Appellant bases this argument on our ruling in the companion case involving his brother, *see Jesus Lopez v State*, 2013 WL 363777, at *2, which appellant believes controls the outcome of this appeal.

Appellant and his brother, Jesus Lopez, were jointly indicted for burglary of a habitation while committing aggravated assault. Both defendants waived a jury trial and entered "no contest" pleas to the charge. The two cases were tried together. After hearing the evidence, the trial court found appellant and Jesus Lopez guilty. In *Jesus Lopez v. State*, we reversed the trial court's judgment and remanded for further proceedings because the evidence did not show Jesus Lopez caused serious bodily injury to another. *See id.* As we explained in that case, to commit an aggravated assault, which was one of the essential elements of the charged offense, the actor must either (1) use or exhibit a deadly weapon or (2) cause serious bodily injury to another. *See id.* at *1 (citing TEX. PENAL CODE ANN. § 22.02(a)). In *Jesus Lopez*, the trial court refused to make a deadly weapon finding and the State conceded the evidence had to prove serious bodily injury. *See id.* In appellant's case, however, the trial court made a deadly weapon finding. As a result, the only question before us is whether the State met the requirements of article 1.15 to present evidence embracing each essential element of the charged offense.

When, as in this case, a defendant knowingly, intelligently, and voluntarily pleads nolo contendere to a felony, the appellate standard of review for sufficiency of the evidence does not apply. *See O'Brien v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.). The State must introduce evidence into the record showing the defendant's guilt. *See* TEX. CRIM. APP.

PROC. ANN. art. 1.15. "[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.* There is no requirement that the evidence prove the defendant's guilt beyond a reasonable doubt. *See McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). The evidence must simply embrace each essential element of the offense charged. *Id.*

The State has met the requirements of article 1.15. According to the record, Abel Lopez, the 66-year-old complainant, testified that in December of 2010, he lived at 3455 Palacios Avenue in Dallas County with his sister, his sister's granddaughter, and his sister's friend. The door that led into the house had a functioning lock, and Abel usually put a chair against the door to make sure it would stay closed. On December 4, 2010, Abel went to bed before his sister, and he could not recall if the door was locked or secured. Abel was awakened by someone beating him on the head. The lights were not on in the room and Abel did not know at first who was hitting him, although he knew two men were involved in the beating. From their voices, Abel could tell that one of the men was appellant, his nephew. Abel did not see Jesus Lopez during the beating because he was shielding himself with his hands and arms as he was being beaten.

During the beating, appellant pulled out a pistol. Abel testified that he could see the gun and Abel's sister also saw appellant pull out a gun. When appellant pulled out the gun, Abel feared for his safety and worried appellant might kill him. Abel's sister got between the men and told appellant and Jesus not to kill Abel. After the complainant's sister intervened, appellant and Jesus left the room. When he testified at trial, Abel was asked if a firearm was a deadly weapon and he replied, "Yes, of course."

The evidence in this case "embraces" the essential element that appellant committed aggravated assault. We conclude the evidence is sufficient to meet article 1.15's requirement

that the State introduce evidence showing the guilt of the defendant for burglary of a habitation while committing aggravated assault.  We overrule appellant's supplemental point of error.

We affirm the trial court's judgment.

_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111541F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ABRAHAM PATRICIO LOPEZ, Appellant

No. 05-11-01541-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-63645-V.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of February, 2013.

_____
LANA MYERS
JUSTICE