**MODIFY and AFFIRM; and Opinion Filed July 30, 2013.**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00539-CR**

**SHONE PRICE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-31200-U**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Lang-Miers

Shone Price was convicted of aggravated sexual assault of a child. The trial court assessed punishment at nine years' imprisonment and a $3,000 fine. In three issues, appellant challenges the sufficiency of the evidence to support the conviction and his no contest plea and contends the trial court reversibly erred by failing to admonish him of the immigration consequences of his no contest plea. We affirm the trial court's judgment as modified.

### Background

Appellant was charged by indictment with the aggravated sexual assault of J.S., a child younger than fourteen years of age. He waived his right to a jury and proceeded to a trial before the court on his not guilty plea. After the State and the Defense closed their cases, appellant changed his plea from not guilty to no contest. The trial court accepted the no contest plea, found the evidence sufficient to support a finding of guilt, and postponed sentencing to obtain a

presentence investigation report. Following a sentencing hearing at which appellant and members of his family testified, the trial court sentenced appellant to nine years' imprisonment and assessed a $3,000 fine. This appeal followed.

### Sufficiency of Evidence

In his first issue, appellant contends the evidence is legally insufficient to support the conviction. The State responds that the legal sufficiency standard of review is not the proper standard of review for this case. We agree.

Although appellant initially pleaded not guilty, he changed his plea to no contest. The *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), standard of review does not apply when, as here, the defendant knowingly, intelligently, and voluntarily enters a plea of no contest. *See Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986); *O'Brien v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.). Rather, in reviewing the sufficiency of the evidence to support the no contest plea, we will affirm the trial court's judgment if the evidence embraces "every essential element of the offense charged." *See McGill v. State*, 200 S.W.3d 325, 331 (Tex. App.—Dallas 2006, no pet.). We overrule appellant's first issue.

In his second issue, appellant asserts the State did not present evidence embracing every element of the charged offense to support the no contest plea. Appellant asserts he did not admit to any of the elements of the offense, the evidence presented by the State was not credible, was unreliable, and was contradicted by appellant, the testimony of the other witnesses did not compensate for the weakness in the State's case, and there was no physical or forensic evidence to substantiate J.S.'s allegations. The State responds that the evidence is sufficient to support the conviction because it embraced every element of the charged offense.

To support the conviction on appellant's no contest plea, the State had to present evidence embracing every essential element of the aggravated sexual assault of a child charge.

*See id.* Consequently, the State had to present evidence that: (1) appellant; (2) intentionally or knowingly; (3) caused the penetration; (4) of J.S.'s female sexual organ; (5) by appellant's finger; and (6) at the time of the offense, J.S. was younger than fourteen years of age. *See* TEX. PEN. CODE. ANN. § 22.021(a)(1)(B)(i), 2(B) (West Supp. 2012).

J.S. testified that appellant and his wife were her godparents. J.S. visited appellant's wife quite a bit because J.S. really liked her. J.S. also testified that she, as well as her brother, occasionally spent the night at appellant's house. J.S. testified that when she spent the night, she slept on the couch. On some occasions when she spent the night without her brother there, appellant would come from his room to the couch where J.S. slept, kneel down by the couch, and put his hand under the cover and into her boxer shorts. J.S. testified appellant would touch her both outside and inside her "private parts." J.S. used State's exhibit no. 1, a drawing, to identify the area appellant touched. J.S. further testified that the first time appellant touched her she was seven years of age and the last time she was nine years of age. J.S. testified that on the last occasion, appellant came from his room to the couch. He asked J.S., "Do you mind?" J.S. did not understand what appellant was asking, and she responded that she did not mind. Appellant then touched J.S.'s private part, and it hurt her because he was rough and was scratching her.

J.S.'s mother also testified that J.S. spent the night at appellant's house on numerous occasions. Appellant's wife confirmed that J.S. visited her many times, but testified that J.S. only spent the night one time. On that night, appellant's wife stayed in the living room with J.S. until appellant got home; then she and appellant went into their bedroom. Appellant testified that J.S. was at his house quite a bit while he was at work, but she did not spend the night at his house. Appellant denied ever touching J.S.

To the extent appellant contends J.S.'s testimony was not credible or reliable and was contradicted by his own, the trial court, as fact-finder, was the sole judge of the credibility of the

witnesses and the weight to be given their testimony. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). As fact-finder, it was the trial court's role to reconcile the conflicts in the evidence. *See id.* Reviewing the evidence under the proper standard, we conclude it embraces every essential evidence of the charged offense. As a result, the evidence is sufficient to support appellant's no contest plea and conviction for aggravated sexual assault of a child. We overrule appellant's second issue.

## Failure to Admonish

In his third issue, appellant contends the trial court reversibly erred by not advising appellant of the immigration consequences of his no contest plea. Appellant asserts there is no mention of appellant's citizenship in the record other than on the arraignment sheet, and no mention of the immigration consequences of his plea. The State responds that the error is harmless because the arraignment sheet in the clerk's record reflects that appellant is a United States citizen.

Article 26.13 requires the trial court, prior to accepting a guilty or no contest plea, to admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion of admission to this country, or the denial of naturalization under federal law." TEX. CODE CRIM. P. ANN. art. 26.13(a)(4) (West Supp. 2012). Failure of the trial court to give the admonishment is error. *See VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007).

The violation of article 26.13(a)(4) is non-constitutional and subject to the harm analysis under Texas Rule of Appellate Procedure 44.2(b). We must disregard the error if it does not affect a substantial right of appellant. *See* TEX. R. APP. P. 44.2(b); *VanNortrick*, 227 S.W.3d at 708. In deciding whether the error affected appellant's substantial right, we must conduct an

independent examination of the record as a whole. *VanNortrick*, 227 S.W.3d at 708. Where the record shows the defendant is a citizen of the United States, the trial court's failure to admonish regarding the immigration consequences of a plea is harmless. *See id.*

In this case, the "Arraignment Sheet" signed by Dallas County Magistrate Judge Shead, and contained in the clerk's record, states the following:

> I also informed the person arrested that if he is not a citizen of the United States that he may have the right to contact consular officials from his country and that if he is a citizen of certain countries that consular officials would be notified of this arrest without further action on his part.
>
> [T] The person arrested stated he is a citizen of the United States of America[.]

Nothing in the record contradicts this statement. We conclude the record shows appellant is a citizen of the United States, and the trial court's error in not admonishing appellant on the immigration consequences of his no contest plea was harmless. *See id.*; *see also Reed v. State*, 2012 WL 3104683, at *1 (Tex. App.—Dallas July 31, 2012, pet. ref'd) (mem. op., not designated for publication). We overrule appellant's third issue.

We note the trial court orally pronounced a $3,000 fine at sentencing, but the fine was not included in the written judgment. Where there is a variation between the oral pronouncement of sentence and the written memorialization, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Accordingly, we modify the trial court's judgment to include the $3,000 fine that was orally pronounced at sentencing. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120539F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHONE PRICE, Appellant

No. 05-12-00539-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-31200-U.
Opinion delivered by Justice Lang-Miers,
Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment to include the $3,000 fine that was orally pronounced. As **MODIFIED**, we **AFFIRM** the trial court's judgment.

Judgment entered this 30th day of July, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE