**MODIFY and AFFIRM; and Opinion Filed February 9, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00420-CR

### DAVID EDWARD BUTLER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1641680-P**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Boatright

David Butler was convicted of stalking. He now challenges the sufficiency of the evidence to support his conviction. The State asserts a cross-point that seeks to correct the trial court's judgment to conform to the record. We modify the judgment and affirm the judgment as modified.

In order to commit the offense of stalking, a person must also commit the offense of harassment. TEX. PENAL CODE ANN. § 42.072(a)(1) (West 2016). Accordingly, the indictment that charged Butler with stalking the victim in this case, a child we will call T.S., alleged that he had committed the offense of harassment against her, too. Although Butler waived his right to a jury trial and pled guilty, the State was required to introduce evidence showing his guilt. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). The State attempted to do so by submitting Butler's judicial confession, in which he admitted that he had engaged in conduct that satisfied each element

of a stalking offense. He specifically confessed to knowingly engaging in conduct that constituted the offense of harassment against T.S.

Nevertheless, Butler contends on appeal that the State failed to prove harassment. He claims that the State proved only "window peeping," which he characterizes as a violation of the disorderly conduct statute, TEX. PENAL CODE ANN. § 42.01 (West 2016), but not the harassment statute, *id.* § 42.07 (West Supp. 2017). He argues that harassment required proof that he engaged in violent or potentially violent conduct and that the State did not offer evidence that Butler engaged in such conduct.

Texas law provides that a person commits the offense of harassment if he intends, among other things, to abuse another and threatens, in a manner reasonably likely to alarm the person receiving the threat, to inflict bodily injury or commit a felony against her. TEX. PENAL CODE ANN. § 42.07(a)(2). A threat may be communicated by action or conduct as well as words. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984). Thus, a person could commit harassment by intending to abuse someone by threatening, through action or conduct, to commit a felony that does not inflict bodily injury.

At Butler's plea hearing, several witnesses testified that he had peered through T.S.'s window and loitered around her house. In addition, a detective testified that officers who responded to complaints about Butler's peeping found two pair of women's underwear, which did not belong to T.S., outside of her window. T.S.'s mother testified that a while after finding the underwear the family found T.S.'s screen slit and later found the whole frame and screen had been removed. The detective also testified that Butler believed that T.S. intentionally left her blinds open so that Butler could view her. At the time, T.S. was 12 years old; Butler was in his late 30's. This is evidence that Butler's conduct constituted a threat to engage in sexual contact with a child under 17 or to cause her to engage in sexual contact, which is a felony. TEX. PENAL CODE ANN. §

–2–

21.11(a)(1), (d) (West Supp. 2017). T.S.'s mother testified that Butler's conduct frightened her, prompted the family to install a video security system outside the home, caused T.S. to sleep in her room with the lights on, and some nights caused T.S. to sleep with her mother while her father slept in T.S.'s bed. Therefore, the State submitted evidence of each element of the offense of harassment: that Butler, with intent to abuse T.S., engaged in conduct that threatened, in a manner reasonably likely to alarm T.S., to commit a felony against her.

In light of Butler's guilty plea, our review is confined to determining whether sufficient evidence supports the judgment of guilt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). The evidence need not prove Butler's guilt beyond a reasonable doubt—instead, it must simply embrace every essential element of the offense charged. *Id.* (citing *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996)). Because the State submitted evidence embracing every essential element of the charged offense, we overrule Butler's sole issue.

The State raises a cross-point urging that the trial court's judgment should be modified to conform to the record. Although stalking is a third-degree felony, TEX. PENAL CODE ANN. § 42.072(b) (West 2016), the record reflects that Butler pleaded true to an enhancement allegation, which increased his punishment to that of a second-degree felony, TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2017). The trial court sentenced Butler to twenty years' confinement, consistent with a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.33(a) (West 2011) (prescribing punishment range of two to twenty years' imprisonment for second-degree felony conviction). However, the court made no express finding of true with respect to the enhancement, and the judgment likewise reflects no such finding. The State requests this Court to modify the judgment to reflect that Butler pled true to the enhancement and that the trial court made an implied finding of true. We have implied such a finding in similar circumstances and have modified the judgment accordingly. *Petersimes v. State*, No. 05-10-00227-CR, 2011 WL 2816725, at *13 (Tex.

–3–

App.—Dallas July 19, 2011, pet. ref'd) (not designated for publication); *see* TEX. R. APP. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and to affirm it as modified). We likewise imply a finding of true to the enhancement paragraph in this case. We modify the trial court's judgment to reflect that Butler pled true to the enhancement and that the trial court found the paragraph to be true.

## CONCLUSION

We modify the judgment of the trial court and affirm the judgment as modified.


/Jason Boatright/
JASON BOATRIGHT
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2

170420F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID EDWARD BUTLER, Appellant

No. 05-17-00420-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1641680-P.
Opinion delivered by Justice Boatright.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant pled true to the enhancement paragraph and that the trial court found such paragraph to be true.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 9th day of February, 2018.