OPINION
 

 Opinion by
 

 Justice MORRIS.
 

 After being indicted for three theft offenses, Angela Lee O’Brien pleaded guilty before the court without the benefit of a plea bargain. She contends on appeal that her due process rights were violated because the evidence against her was legally and factually insufficient to support her convictions. Concluding appellant’s contentions are without merit, we affirm the trial court’s judgments.
 

 Appellant admitted at her trial she was freely and voluntarily pleading guilty to the charges against her. She testified to the trial court that she made “a lot of mistakes” and acknowledged that “innocent people ... have been hurt.” She attempted to explain the reasons for her acts. She also explained that she desired to pay back her victims. She stated that she had committed “crimes, very serious ones.” But she also stated that she did not “intentionally mean to” commit the offenses. In his closing argument, appellant’s attorney admitted there was “no question” she had defrauded and stolen from people. Now on appeal, appellant contends in four points of error that her federal due process rights have been violated. More specifically, she contends her conviction violated her due process rights because the testimony given at her trial, including her own, rendered the evidence against her both legally and factually insufficient to support her convictions.
 

 The Due Process Clause of the United States Constitution prohibits a criminal defendant from being convicted of an offense and denied her liberty except upon proof sufficient to persuade a rational fact finder of guilt beyond a reasonable doubt.
 
 Swearingen v. State,
 
 101 S.W.3d 89, 95 (Tex.Crim.App.2003). The United States Supreme Court case of
 
 Jackson v.
 
 
 *896
 

 Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), sets out the federal constitutional due process standard by which we measure the legal sufficiency of evidence in cases where the federal constitution places the burden on the prosecution to establish guilt beyond a reasonable doubt.
 
 See Fuller v. State,
 
 73 S.W.3d 250, 252 (Tex.Crim.App.2002);
 
 Ex parte Williams,
 
 703 S.W.2d 674, 682 (Tex.Crim.App.1986). Under that standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 See Jackson,
 
 443 U.S. at 318-19, 99 S.Ct. 2781;
 
 Young v. State,
 
 14 S.W.3d 748, 753 (Tex.Crim.App.2000). In contrast to the application of the legal sufficiency standard, the factual sufficiency standard for the State of Texas has no bearing on a federal due process complaint.
 
 See Clewis v. State,
 
 922 S.W.2d 126, 132 (Tex.Crim.App.1996).
 

 Moreover, where a defendant knowingly, intelligently, and voluntarily enters a plea of guilty or nolo contendere, the legal sufficiency standard of
 
 Jackson
 
 is also inapplicable.
 
 Williams,
 
 703 S.W.2d at 682;
 
 see Wright v. State,
 
 930 S.W.2d 131, 132 (Tex.App.-Dallas 1996, no pet.). Appellant makes no claim in these appeals that her pleas were made involuntarily or without knowledge. Accordingly, her federal due process claims based upon the legal and factual sufficiency of the evidence are without merit. We overrule appellant’s four points of error.
 

 We affirm the trial court’s judgments.