NO. 07-07-0223-CR
NO. 07-07-0225-CR
NO. 07-07-0226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 24, 2008

_____

LINDSEY FORD JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
NOS. 2006-413,889; 2006-413-895; 2006-414,532;
HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Lindsey Ford Jr., appeals the entry of three judgments finding him guilty

of the offense of burglary of a habitation,[1] each offense enhanced by two prior felony

_____

[1]Tex. Penal Code Ann. § 30.02 (Vernon 2003).

convictions. In each case, punishment was assessed at life imprisonment, to run concurrent with each other and to run concurrent with two separate sentences arising from two additional indictments.[2] In each of these three appeals, Appellant contends (1) the State's evidence presented during his plea proceeding was factually insufficient and (2) the three life sentences to run concurrently with each other and with the other sentences imposed were disproportionate to the burglary offenses to which he pled guilty, *i.e.,* his punishment was cruel and unusual. We affirm.

## Background

On October 2, 2006, a Lubbock County Grand Jury returned the indictments in Cause Nos. 2006-413,889 and 2006-413,895, charging Appellant with the offense of burglary of a habitation. The indictment in Cause No. 2006-413,889 alleges Appellant intentionally, without the effective consent of the owner, Pamela Patton, entered her habitation with the intent to commit theft on September 6, 2006. The indictment in Cause No. 2006-413,895 alleges Appellant intentionally, without the effective consent of the owner, Brandye Jordan, entered her habitation with the intent to commit theft on September 1, 2006.

---

[2]In a single proceeding, Appellant was also convicted of: (1) Cause No. 2006-413,878, forgery, enhanced, and (2) Cause No. 2006-413,890, burglary of a habitation, enhanced. Appellant was sentenced to twenty years on the forgery charge and life on the burglary charge. Although the indictments in Cause Nos. 2006-413,878 and 2006-413,890 each contained multiple counts, the judgments, as drafted, constitute only one conviction and one sentence in each case.

2

On November 21, 2006, a Lubbock County Grand Jury returned the indictment in Cause No. 2006-414,532 charging Appellant with the offense of burglary of a habitation. The indictment alleges Appellant intentionally, without the effective consent of the owner, Edward Martinez, entered his habitation with intent to commit theft on August 14, 2006.

The indictments in Cause Nos. 2006-413,889 and 2006-414,532 also contained two enhancement paragraphs alleging Appellant had prior felony convictions.[3]  Although the indictment in Cause No. 2006-413,895 did not contain any enhancement paragraphs, the State subsequently filed a *Notice of Enhancements* alleging the same prior felony convictions.

On May 10, 2007, Appellant appeared in open court, with counsel, and after having been duly sworn acknowledged to the court that it was his "intent to enter an open plea to each of the cases that are pending against [him] here today."[4]  Appellant further acknowledged there was no plea agreement with the State, his plea was freely and voluntarily given and he was waiving certain rights including his right to a trial by jury, as

---

[3]The indictment alleges that, prior to the commission of the alleged burglary of a habitation, Appellant had been convicted for the felonies of burglary and credit card abuse. The indictment alleged Appellant had been convicted for the felony of burglary on September 9, 1992 in the 237th District Court of Lubbock County, Texas, in Cause No. 92-414,991 and, on August 31, 1990, he was convicted of the felony of credit card abuse in the 137th District Court of Lubbock County, Texas, in Cause No. 89-409,763.

[4]*See* fn. 3.  Appellant's two other convictions are the subject of appeals filed in this Court in Cause Nos. 07-07-0222-CR and 07-07-0224-CR.  Opinions in these appeals are being issued simultaneously.

3

well as his right to confront and cross-examine witnesses in open court. The record further reflects Appellant filed his *Written Admonishments,*[5] wherein he indicated he was "desiring to enter a plea of guilty." Without formally eliciting a plea of guilty in accordance with article 27.13 of the Texas Code of Criminal Procedure, the trial court reviewed the allegations contained in each indictment and asked Appellant if he was "pleading guilty to the charge because you are guilty and for no other reason." In each case, Appellant answered in the affirmative. The trial court then reviewed the enhancements contained in the indictment and notice and explained their effect on the range of punishment. There were no objections to the procedure by which the trial court "accepted" Appellant's pleas. Upon conclusion of the proceeding, the trial court pronounced Appellant's sentence at confinement for life in each case.

## Discussion

Appellant raises two identical legal issues in each appeal. He contends the evidence is "factually insufficient" to support each of his convictions but cites no authority to explain or support his entitlement to a factual sufficiency review where, as here, he has

---

[5]The Written Admonishments were signed by Appellant, his attorney, and the trial judge. The admonishments set forth the range of punishment for the charges in each indictment; affirmed Appellant's mental competency; admitted his plea was given freely and voluntarily; recognized no one made any promises to him to induce his plea; admitted his understanding regarding his constitutional rights to trial by jury, right to confront witnesses and the right to not be compelled to testify against himself at trial; acknowledged that if he pleads guilty he waives the aforementioned rights; acknowledged his understanding as to restitution; and the contents of the Written Admonishments.

pled guilty to a trial court and waived his right to a jury trial. He next asserts his punishment is disproportionate to his crimes because, under the applicable statutory scheme, he will be required to serve at least thirty years of his sentences before he is eligible for parole.

**Issue One - Factual Insufficiency**

Appellant contends the evidence is "factually insufficient" to support his conviction but cites no authority to explain or support his entitlement to a factual sufficiency review where, as here, he has pled guilty to a trial court and waived his right to a jury trial.

Where a defendant knowingly, intelligently and voluntarily pleads guilty or *nolo contendere* to a felony, the appellate standards of review for legal[6] and factual[7] sufficiency do not apply. *Ex parte Martin,* 747 S.W.2d 789, 791 (Tex.Crim.App. 1988); *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex.Crim.App. 1986); *O'Brien v. State,* 154 S.W.3d 908, 910 (Tex.App.–Dallas 2005, no pet.); *Keller v. State,* 125 S.W.3d 600, 604-05 (Tex.App.–Houston [1st Dist.] 2003, pet. dism'd), *cert. denied,* 544 U.S. 906, 125 S.Ct. 1603, 161 L.Ed.2d 280 (2005).

---

[6]*Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

[7]*Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App. 2000).

We find Appellant's pleas constitute voluntary judicial confessions of guilt. *See Dinnery,* 592 S.W.2d at 352-53; *Harp v. State*, 148 Tex.Crim. 354, 187 S.W.2d 570, 571 (1945) (op. on reh'g); *Lord,* 63 S.W.3d at 92; *Stewart,* 12 S.W.3d at 148. And, having considered the record, we conclude there was sufficient evidence to support the judgments under article 1.15 of the Code of Criminal Procedure. Appellant's issues are overruled.

**Issue Two - Cruel and Unusual Punishment**

Appellant also contends the sentences imposed on him were disproportionate and constituted cruel and unusual punishment under the Texas and United States Constitutions. To preserve error for appeal, a party must make a timely, specific objection or motion to the trial court that states the grounds for the ruling sought with sufficient specificity and complies with the rules of evidence and procedure. *See* Tex. R. App. P. 33.1(a). An argument that the punishment assessed is cruel and unusual is waived if presented for the first time on appeal. *Id; Jacoby v. State*, 227 S.W.3d 128, 130 (Tex.App.–Houston [1st Dist.] 2006, pet. ref'd). Because Appellant made no objection to the trial court raising the issue of cruel and unusual punishment, he has waived this issue on appeal. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Curry v. State*, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995).

However, even absent waiver, after comparing the temporal numerosity and seriousness of the felony offenses for which he was convicted in light of his prior convictions for similar offenses with the sentences assessed thereon, we conclude that

6

Appellant's sentences were not unconstitutionally disproportionate and, thus, did not constitute cruel and unusual punishment. *See, e.g., Winchester v. State,* 246 S.W.3d 386, 390-91 (Tex.App.–Amarillo 2008, no pet.). These issues are also overruled.

**Conclusion**

The trial court's judgments are affirmed.

Patrick A. Pirtle
Justice

Do not publish.