NO. 07-07-0223-CR

 NO. 07-07-0225-CR

NO. 07-07-0226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C 

JUNE 24, 2008

______________________________

LINDSEY FORD JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

________________________________

FROM THE 140
TH
 
DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2006-413,889; 2006-413-895; 2006-414,532;

 HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Lindsey Ford Jr., appeals the entry of three judgments finding him guilty of the offense of burglary of a habitation,
(footnote: 1) each offense enhanced by two prior felony convictions.  In each case, p
unishment was assessed at life imprisonment, to run concurrent with each other and to run concurrent with two separate sentences arising from two additional indictments.
(footnote: 2)  In each of these three appeals, Appellant contends (1) the State’s evidence presented during his plea proceeding was factually insufficient and (2) the three life sentences to run concurrently with each other and with the other sentences imposed were disproportionate to the burglary offenses to which he pled guilty, 
i.e.,
 his punishment was cruel and unusual.  We affirm.

Background

On October 2, 2006, a Lubbock County Grand Jury returned the indictments in Cause Nos. 2006-413,889 and 2006-413,895, charging Appellant with the offense of burglary of a habitation.  The indictment in Cause No. 2006-413,889 alleges Appellant intentionally, without the effective consent of the owner, Pamela Patton, entered her habitation with the intent to commit theft on September 6, 2006.  The indictment in Cause No. 2006-413,895 alleges Appellant intentionally, without the effective consent of the owner, Brandye Jordan, entered her habitation with the intent to commit theft on September 1, 2006.

On November 21, 2006, a Lubbock County Grand Jury returned the indictment in Cause No. 2006-414,532 charging Appellant with the offense of burglary of a habitation.  The indictment alleges Appellant intentionally, without the effective consent of the owner, Edward Martinez, entered his habitation with intent to commit theft on August 14, 2006.

The indictments in Cause Nos. 2006-413,889 and 2006-414,532 also contained two enhancement paragraphs alleging Appellant had prior felony convictions.
(footnote: 3)  Although the indictment in Cause No. 2006-413,895 did not contain any enhancement paragraphs, the State subsequently filed a 
Notice of Enhancements
 alleging the same prior felony convictions.

On May 10, 2007, Appellant appeared in open court, with counsel, and after having been duly sworn acknowledged to the court that it was his “intent to enter an open plea to each of the cases that are pending against [him] here today.”
(footnote: 4)  Appellant further acknowledged there was no plea agreement with the State, his plea was freely and voluntarily given and he was waiving certain rights including his right to a trial by jury, as well as his right to confront and cross-examine witnesses in open court.  The record further reflects Appellant filed his 
Written Admonishments,
(footnote: 5) wherein he indicated he was “desiring to enter a plea of guilty.”  Without formally eliciting a plea of guilty in accordance with article 27.13 of the Texas Code of Criminal Procedure, the trial court reviewed the allegations contained in each indictment and asked Appellant if he was “pleading guilty to the charge because you are guilty and for no other reason.”  In each case, Appellant answered in the affirmative.  The trial court then reviewed the enhancements contained in the indictment and notice and explained their effect on the range of punishment.  There were no objections to the procedure by which the trial court “accepted” Appellant’s pleas.  Upon conclusion of the proceeding, the trial court pronounced Appellant’s sentence at confinement for life in each case.

Discussion
 

Appellant raises two identical legal issues in each appeal.  He contends the evidence is “factually insufficient” to support each of his convictions but cites no authority to explain or support his entitlement to a factual sufficiency review where, as here, he has pled guilty to a trial court and waived his right to a jury trial.  He next asserts his punishment is disproportionate to his crimes because, under the applicable statutory scheme, he will be required to serve at least thirty years of his sentences before he is eligible for parole.

Issue One - Factual Insufficiency

Appellant contends the evidence is “factually insufficient” to support his conviction  but cites no authority to explain or support his entitlement to a factual sufficiency review where, as here, he has pled guilty to a trial court and waived his right to a jury trial.

   
Where a defendant knowingly, intelligently and voluntarily pleads guilty or 
nolo contendere 
to a felony, the appellate standards of review for legal
(footnote: 6) and factual
(footnote: 7) sufficiency do not apply.  
Ex parte Martin, 
747 S.W.2d 789, 791 (Tex.Crim.App. 1988); 
Ex parte Williams, 
703 S.W.2d 674, 678 (Tex.Crim.App. 1986); 
O’Brien v. State, 
154 S.W.3d 908, 910 (Tex.App.–Dallas 2005, no pet.); 
Keller v. State, 
125 S.W.3d 600, 604-05 (Tex.App.–Houston [1
st
 Dist.] 2003, pet. dism’d), 
cert. denied, 
544 U.S. 906, 125 S.Ct. 1603, 161 L.Ed.2d 280 (2005). 

 We find Appellant’s pleas constitute voluntary judicial confessions of guilt.  
See Dinnery, 
592 S.W.2d at 352-53; 
Harp v. State
, 148 Tex.Crim. 354, 187 S.W.2d 570, 571 (1945) (op. on reh’g); 
Lord, 
63 S.W.3d at 92; 
Stewart, 
12 S.W.3d at 148
.  And, having considered the record, we conclude there was sufficient evidence to support the judgments under article 1.15 of the Code of Criminal Procedure.  Appellant’s issues are overruled.

Issue Two - Cruel and Unusual Punishment

Appellant also contends the sentences imposed on him were disproportionate and constituted cruel and unusual punishment under the Texas and United States Constitutions.  To preserve error for appeal, a party must make a timely, specific objection or motion to the trial court that states the grounds for the ruling sought with sufficient specificity and complies with the rules of evidence and procedure.  
See 
Tex. R. App. P. 33.1(a).  An argument that the punishment assessed is cruel and unusual is waived if presented for the first time on appeal.  
Id; Jacoby v. State
, 227 S.W.3d 128, 130 (Tex.App.–Houston [1
st
 Dist.] 2006, pet. ref’d)
.  Because Appellant made no objection to the trial court raising the issue of cruel and unusual punishment, he has waived this issue on appeal.  
See Rhoades v. State
, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); 
Curry v. State
, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995). 
 

  However, even absent waiver, after comparing the temporal numerosity and seriousness of the felony offenses for which he was convicted in light of his prior convictions for similar offenses with the sentences assessed thereon, we conclude that Appellant’s sentences were not unconstitutionally disproportionate and, thus, did not constitute cruel and unusual punishment.  
See, e.g., Winchester v. State, 
246 S.W.3d 386, 390-91 (Tex.App.–Amarillo 2008, no pet.).  These issues are also overruled.   

Conclusion

The trial court’s judgments are affirmed.

Patrick A. Pirtle 

       Justice  

Do not publish.

elevant, may still be excluded if its prejudicial impact is greater than its probative value.  
Alba v. State
, 905 S.W.2d at 585
.
  With this said, we turn to the case before us.

As previously mentioned, the disputed evidence consisted of appellant’s 1999 conviction for indecency with a child.  The indecency involved his touching the vagina of a four- year-old girl.  According to the child, appellant “was tickling her with his finger.”  The act resulted in a small “oozing abrasion” within her genitalia.  This evidence was deemed relevant by the State because it purportedly indicated that appellant had the specific intent to sexually assault H.D. as well.  How or why it did, however, went unexplained below and on appeal.  Nor is the link between appellant’s prior conviction and 
mens rea viz
 H.D. readily discernible to us.  Of course, one could say that because he did it in the past, he must have desired to do it again; yet, that is simply invoking the concept of character conformity which cannot legally be done.  

Nonetheless, it cannot be denied that under certain circumstances prior bad acts could elucidate the 
mens rea
 of the accused when committing a subsequent act.  For that reason the conviction at issue here may indeed be relevant.  Yet, that still does not make it admissible for several reasons.
(footnote: 3)  

First, the evidence was unnecessary.  An adult male touching the outside genitalia of a ten-year-old child three times after directing her to sit on his lap (once her parents left the house) and then asking “why” when told to stop by the child,
(footnote: 4) itself tends to suggest what he had on his mind.  Simply put, the acts speak for themselves and provide basis (if believed) for one to reasonably infer that appellant consciously sought to fondle H.D.’s sex organ.  And, because the acts speak for themselves, any suggestion that the extraneous crime was needed to prove appellant’s specific intent to assault rings hollow.  
See Kiser v. State
, 893 S.W.2d 277, 282 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd) (holding that the State had no need to present evidence of the extraneous offense for purposes of establishing the intent behind the defendant’s sexually assaulting and choking the complainant because his intent was evident from the conduct itself). 

Second, the probative value of the extraneous conviction was substantially outweighed by its prejudicial impact.  
See 
Tex. R. Evid
.
 403 (stating that “although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . . .”).  It cannot be disputed that sexually- related misconduct and misconduct involving a child are inherently inflammatory.  
Montgomery v. State
, 810 S.W.2d at 397; 
Booker v. State
, 103 S.W.3d 521, 535 (Tex. App.–Fort Worth 2003, pet. ref’d).  So, it can be said that appellant’s prior conviction for indecency with a child had the potential for improperly influencing the jury.  Furthermore, two witnesses were called by the State for no reason other than to develop the prior conviction.  So, it cannot be said that little attention was focused upon the extraneous crime, and this enhanced the potential for the evidence improperly influencing the jury.  

We further note that the child testified at trial that appellant placed his hands under her shorts and touched the outside of her vagina approximately three times while tickling her.  So, while the evidence of appellant’s guilt was contradicted by the victim herself,
(footnote: 5) ample evidence nonetheless existed to support conviction.  This, in turn, meant that the need for the evidence of appellant’s prior conviction was slight.  

Additionally, the purported relevance of the prior conviction was fairly dependent upon concluding that appellant’s actions surrounding that conviction were similar to those involved in the current prosecution.  That is, it was not simply the fact that appellant inserted his finger into the vagina of his prior victim that was purportedly indicative of his intent to assault her.  Rather, it was because he was supposedly tickling the prior victim when he assaulted her that made it relevant to the issue of appellant’s intentions at bar.  Thus, the evidence was used in a way to illustrate a 
modus operandi
, one could say.  Yet, that he assaulted the four-year-old while tickling her was itself far from clear.  Indeed, the evidence used to arrive at the inference consisted of nothing more than a single sentence purportedly uttered by the victim’s mother while the victim was undergoing a medical examination.  Via that sentence, the mother reiterated what the victim allegedly told her, that is, that appellant was tickling or tickled her.
(footnote: 6)  Whether this meant that he was doing so as a prelude to the assault or whether the assault itself consisted of appellant’s touching the child’s sex organ in a manner that tickled is unknown.  It could well have been the latter for not only did the four-year-old describe the swabbing of her vagina by medical personnel during her examination as tickling, but one of the witnesses used at bar to illustrate the prior conviction conceded that the child could have so meant.  And, if it was the latter then the similarities between the prior conviction and current accusation would be further minimized.  So, use of the prior conviction was fraught with the risk of confusion or misinterpretation of fact due to the conjecture surrounding what the child actually meant, and this, in turn, further minimized the relevance of the extraneous conviction.

The circumstances of which we just spoke are factors to be weighed in assessing whether relevant evidence can nonetheless be excluded via Texas Rule of Evidence 403.  
See Montgomery v. State
, 
supra
 (so holding).  In weighing them at bar, we cannot but conclude that they preponderate in favor of excluding the evidence of appellant’s prior conviction.  Its probative value was far outweighed by its potential to confuse the jurors or otherwise induce them to convict for reasons other than actual guilt.  As previously noted, crimes of a sexual nature involving children are inherently inflammatory.  And, while sexual predation of our children must not be countenanced, caution must be used to avoid again convicting a defendant simply because he may have committed a crime before.  

In short, admitting appellant’s prior conviction was error.  Yet, that does not end our inquiry for we must now assess whether the error harmed him.  That analysis is conducted within the framework of Texas Rule of Appellate Procedure 44.2(b).  Per the latter rule, error may be ignored unless it affects a right of the accused.  Next, it so affects a right when it substantially and injuriously 
influences the jury's verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App.1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)); 
Coggeshall v. State
, 961 S.W.2d 639, 643 (Tex. App.–Fort Worth 1998, pet. ref’d).  And, to determine whether that likelihood exists depends upon a review of the entire record and the reasonable inferences that can be extrapolated from it.  
See Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  This, in turn, obligates us to not only weigh the evidence of appellant’s guilt but also assess the character of the error, the connection between the inadmissible evidence and other evidence, and its emphasis by the State.  
See Motilla v. State
, 78 S.W.3d 352, 358-59 (Tex. Crim. App. 2002).  

Regarding the quantum of evidence illustrating appellant’s guilt, enough was there to support conviction.  But, as previously noted, it was not free of contradiction.  Moreover, the comments of the victim herself resurrected the contradiction.  And, since there were no witnesses to the incident save for H.D. and appellant, it is difficult to say that the evidence of appellant’s guilt was overwhelming.  Next, and as mentioned before, the error involved the introduction of evidence that was inherently inflammatory.  And, while the trial court instructed the jury to consider it only for a limited purpose, its relevance to that purpose, to the facts in dispute, and to the other evidence was quite suspect.  In other words, if the jury did heed the trial court’s admonishment, the admonishment itself could be viewed as permitting consideration of the evidence for an improper purpose.  Finally, while the State may not have mentioned appellant’s prior conviction elsewhere in the guilt/innocence phase of the trial, two of the five
 prosecution witnesses were used solely to prove it.  Thus, it cannot be reasonably disputed that the inadmissible evidence garnered attention.  So, from this amalgam, we cannot discount the likelihood that appellant’s prior conviction substantially influenced his current conviction.  

Simply put, there was enough evidence to warrant conviction without use of the extraneous conviction.  Yet, that is not the test mandated by our Court of Criminal Appeals for the evidence of guilt must be overwhelming.  
See Motilla v. State, supra
.  And, since it was not here, we have little choice but to recognize the high likelihood that the prior conviction influenced one or more of the jurors.  So, appellant was harmed by its admission. 

Having sustained appellant's first issue, we reverse the judgment and remand the cause for further proceedings.  

 

Brian Quinn

          Chief Justice

Publish.

FOOTNOTES
1:
Tex. Penal Code Ann. § 30.02 (Vernon 2003).

2:
In a single proceeding, Appellant was also convicted of: (1) Cause No. 2006-413,878, forgery, enhanced, and (2) Cause No. 2006-413,890, burglary of a habitation, enhanced.  Appellant was sentenced to twenty years on the forgery charge and life on the burglary charge.  Although the indictments in Cause Nos. 2006-413,878 and 2006-413,890 each contained multiple counts, the judgments, as drafted, constitute only one conviction and one sentence in each case.

3:
The indictment alleges that, prior to the commission of the alleged burglary of a habitation, Appellant had been convicted for the felonies of burglary and credit card abuse.  The indictment alleged Appellant had been convicted for the felony of burglary on September 9, 1992 in the 237
th
 District Court of Lubbock County, Texas, in Cause No. 92-414,991 and, on August 31, 1990, he was convicted of the felony of credit card abuse in the 137
th
 District Court of Lubbock County, Texas, in Cause No. 89-409,763.  

4:
See 
fn. 3.  Appellant’s two other convictions are the subject of appeals filed in this Court in Cause Nos. 07-07-0222-CR and 07-07-0224-CR.  Opinions in these appeals are being issued simultaneously.

5:
The Written Admonishments were signed by Appellant, his attorney, and the trial judge.  The admonishments set forth the range of punishment for the charges in each indictment; affirmed Appellant’s mental competency; admitted his plea was given freely and voluntarily; recognized no one made any promises to him to induce his plea; admitted his understanding regarding his constitutional rights to trial by jury, right to confront witnesses and the right to not be compelled to testify against himself at trial; acknowledged that if he pleads guilty he waives the aforementioned rights; acknowledged his understanding as to restitution; and the contents of the Written Admonishments.   

6:
Jackson v. Virginia, 
443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); 
King v. State, 
29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

7:
Johnson v. State, 
23 S.W.3d 1, 11 (Tex.Crim.App. 2000).

3:
4:
5:
Johnson v. State, 
23 S.W.3d 1, 11 (Tex.Crim.App. 2000).

6: