NO. 07-07-0223-CR
 NO. 07-07-0225-CR
NO. 07-07-0226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C 

JUNE 24, 2008

______________________________


LINDSEY FORD JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
NOS. 2006-413,889; 2006-413-895; 2006-414,532;
 HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, Lindsey Ford Jr., appeals the entry of three judgments finding him guilty
of the offense of burglary of a habitation,


 each offense enhanced by two prior felony
convictions. In each case, punishment was assessed at life imprisonment, to run
concurrent with each other and to run concurrent with two separate sentences arising from
two additional indictments.


 In each of these three appeals, Appellant contends (1) the
State’s evidence presented during his plea proceeding was factually insufficient and (2) the
three life sentences to run concurrently with each other and with the other sentences
imposed were disproportionate to the burglary offenses to which he pled guilty, i.e., his
punishment was cruel and unusual. We affirm.
Background
          On October 2, 2006, a Lubbock County Grand Jury returned the indictments in
Cause Nos. 2006-413,889 and 2006-413,895, charging Appellant with the offense of
burglary of a habitation. The indictment in Cause No. 2006-413,889 alleges Appellant
intentionally, without the effective consent of the owner, Pamela Patton, entered her
habitation with the intent to commit theft on September 6, 2006. The indictment in Cause
No. 2006-413,895 alleges Appellant intentionally, without the effective consent of the
owner, Brandye Jordan, entered her habitation with the intent to commit theft on
September 1, 2006.
          On November 21, 2006, a Lubbock County Grand Jury returned the indictment in
Cause No. 2006-414,532 charging Appellant with the offense of burglary of a habitation. 
The indictment alleges Appellant intentionally, without the effective consent of the owner,
Edward Martinez, entered his habitation with intent to commit theft on August 14, 2006.
          The indictments in Cause Nos. 2006-413,889 and 2006-414,532 also contained two
enhancement paragraphs alleging Appellant had prior felony convictions.


 Although the
indictment in Cause No. 2006-413,895 did not contain any enhancement paragraphs, the
State subsequently filed a Notice of Enhancements alleging the same prior felony
convictions.
          On May 10, 2007, Appellant appeared in open court, with counsel, and after having
been duly sworn acknowledged to the court that it was his “intent to enter an open plea to
each of the cases that are pending against [him] here today.”


 Appellant further
acknowledged there was no plea agreement with the State, his plea was freely and
voluntarily given and he was waiving certain rights including his right to a trial by jury, as
well as his right to confront and cross-examine witnesses in open court. The record further
reflects Appellant filed his Written Admonishments,


 wherein he indicated he was “desiring
to enter a plea of guilty.” Without formally eliciting a plea of guilty in accordance with article
27.13 of the Texas Code of Criminal Procedure, the trial court reviewed the allegations
contained in each indictment and asked Appellant if he was “pleading guilty to the charge
because you are guilty and for no other reason.” In each case, Appellant answered in the
affirmative. The trial court then reviewed the enhancements contained in the indictment
and notice and explained their effect on the range of punishment. There were no
objections to the procedure by which the trial court “accepted” Appellant’s pleas. Upon
conclusion of the proceeding, the trial court pronounced Appellant’s sentence at
confinement for life in each case.
Discussion 
          Appellant raises two identical legal issues in each appeal. He contends the
evidence is “factually insufficient” to support each of his convictions but cites no authority
to explain or support his entitlement to a factual sufficiency review where, as here, he has
pled guilty to a trial court and waived his right to a jury trial. He next asserts his
punishment is disproportionate to his crimes because, under the applicable statutory
scheme, he will be required to serve at least thirty years of his sentences before he is
eligible for parole.
          Issue One - Factual Insufficiency
          Appellant contends the evidence is “factually insufficient” to support his conviction 
but cites no authority to explain or support his entitlement to a factual sufficiency review
where, as here, he has pled guilty to a trial court and waived his right to a jury trial.
           Where a defendant knowingly, intelligently and voluntarily pleads guilty or nolo
contendere to a felony, the appellate standards of review for legal


 and factual


 sufficiency
do not apply. Ex parte Martin, 747 S.W.2d 789, 791 (Tex.Crim.App. 1988); Ex parte
Williams, 703 S.W.2d 674, 678 (Tex.Crim.App. 1986); O’Brien v. State, 154 S.W.3d 908,
910 (Tex.App.–Dallas 2005, no pet.); Keller v. State, 125 S.W.3d 600, 604-05
(Tex.App.–Houston [1st Dist.] 2003, pet. dism’d), cert. denied, 544 U.S. 906, 125 S.Ct.
1603, 161 L.Ed.2d 280 (2005). 
           We find Appellant’s pleas constitute voluntary judicial confessions of guilt. See
Dinnery, 592 S.W.2d at 352-53; Harp v. State, 148 Tex.Crim. 354, 187 S.W.2d 570, 571
(1945) (op. on reh’g); Lord, 63 S.W.3d at 92; Stewart, 12 S.W.3d at 148. And, having
considered the record, we conclude there was sufficient evidence to support the judgments
under article 1.15 of the Code of Criminal Procedure. Appellant’s issues are overruled.
          Issue Two - Cruel and Unusual Punishment
          Appellant also contends the sentences imposed on him were disproportionate and
constituted cruel and unusual punishment under the Texas and United States
Constitutions. To preserve error for appeal, a party must make a timely, specific objection
or motion to the trial court that states the grounds for the ruling sought with sufficient
specificity and complies with the rules of evidence and procedure. See Tex. R. App. P.
33.1(a). An argument that the punishment assessed is cruel and unusual is waived if
presented for the first time on appeal. Id; Jacoby v. State, 227 S.W.3d 128, 130
(Tex.App.–Houston [1st Dist.] 2006, pet. ref’d). Because Appellant made no objection to
the trial court raising the issue of cruel and unusual punishment, he has waived this issue
on appeal. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); Curry v.
State, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995).  
            However, even absent waiver, after comparing the temporal numerosity and
seriousness of the felony offenses for which he was convicted in light of his prior
convictions for similar offenses with the sentences assessed thereon, we conclude that
Appellant’s sentences were not unconstitutionally disproportionate and, thus, did not
constitute cruel and unusual punishment. See, e.g., Winchester v. State, 246 S.W.3d 386,
390-91 (Tex.App.–Amarillo 2008, no pet.). These issues are also overruled. 
Conclusion
          The trial court’s judgments are affirmed.
 
                                                                                      Patrick A. Pirtle 

                                                                                             Justice 



Do not publish.