

NUMBER 13-11-00603-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**GUADALUPE CALDERON III,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

---

## On appeal from the 319th District Court
## of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Guadalupe Calderon, entered an open plea of nolo contendere to the offense of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). The offense was enhanced to a first-degree felony due to a prior felony conviction. *See id.* § 12.42(b) (West Supp. 2011).

Calderon was convicted and sentenced to twenty years' imprisonment. He contends on appeal that the evidence was legally insufficient to support a finding of guilt. We affirm.

## I. BACKGROUND

Calderon was charged by indictment with assaulting Jorge Gomez on or about April 23, 2011. The indictment alleged that Calderon intentionally, knowingly, or recklessly caused bodily injury to Gomez by stabbing Gomez with a knife, "and said knife was a deadly weapon that in the manner of its use or intended use was capable of causing death or serious bodily injury." *See id.* § 1.07(a)(17)(B) (West Supp. 2011) (defining "deadly weapon" as, *inter alia*, "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."). The indictment also alleged that Calderon had previously been convicted of felony escape in 2004. *See id.* § 38.06 (West Supp. 2011).

Calderon entered an open plea of no contest and signed a "Judicial Confession and Stipulation," which stated, in pertinent part, as follows:

> My attorney has investigated the facts and circumstances surrounding my case, discussed those with me, and advised me of possible defenses. I am satisfied with my attorney's representation. I am pleading guilty to the offense of AGGRAVATED ASSAULT because I am guilty. My plea is free, voluntarily, knowingly, and intelligently given.
>
> On this day in open Court, I, GUADALUPE CALDERON, waive my right against self-incrimination and hereby judicially confess that on or about APRIL 23, 2011, in Nueces County, Texas, I, did then and there intentionally, knowingly, or recklessly cause bodily injury to JORGE GOMEZ by STABBING JORGE GOMEZ WITH A KNIFE.
>
> . . . .
>
> I hereby agree and stipulate that the facts contained in this instrument and its attached exhibits, if any, are true and correct.

The "Judicial Confession and Stipulation" was entered into evidence. The State also

introduced into evidence several photographs of the crime scene, the corresponding police report, and a certified copy of Calderon's prior felony conviction.

The trial court found Calderon guilty and this appeal followed.

## II. DISCUSSION

By his sole issue, Calderon contends that the evidence was legally insufficient to support a finding that a knife is a deadly weapon, which was the aggravating element of the offense as alleged in the indictment. See TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B), 22.02(a)(2).

Ordinarily, in conducting a sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). However, when a defendant knowingly, intelligently, and voluntarily enters a plea of nolo contendere, the traditional sufficiency standard is inapplicable. *O'Brien v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.). Instead, in such circumstances, the State need only "introduce evidence into the record showing the guilt of the defendant . . . ." TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). When the State introduces evidence, we will affirm the judgment under article 1.15 if the evidence introduced "embrace[s] every essential element of the offense charged." *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd); *Breaux v. State*, 16 S.W.3d 854, 857 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). We do not apply the "rationality" test of a traditional sufficiency analysis where a defendant voluntarily

enters a nolo contendere plea. *Wright v. State*, 930 S.W.2d 131, 132–33 (Tex. App.—Dallas 1995, no pet.). Rather, our review is limited to a determination of whether the State introduced evidence of guilt "embrac[ing] every essential element of the offense charged." *Stone*, 919 S.W.2d at 427; *see* TEX. CODE CRIM. PROC. ANN. art. 1.15.

Calderon specifically argues that the evidence supporting a deadly weapon was insufficient because "[t]he judicial confession does not mention a deadly weapon was exhibited in the commission of this crime." He is correct that, although the judicial confession stated that Calderon used a knife in committing the crime, it did not state that a knife is a deadly weapon as alleged in the indictment. However, the judicial confession was not the only piece of evidence before the trial court. During the plea hearing, the trial court asked Calderon: "Are you pleading no contest simply and only, because you do not desire to contest the facts alleged in the indictment and you know they are true?" Calderon answered: "Yes, sir." An affirmation of the indictment as true and correct will constitute a judicial confession sufficient to support a judgment of conviction. *Menefee v. State*, 287 S.W.3d 9, 16 n.30 (Tex. Crim. App. 2009) (citing *Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978)); *see Dinnery v. State*, 592 S.W.2d 343, 353 n.7 (Tex. Crim. App. 1980) ("[W]here the record shows the indictment was read to the defendant or that he knows or understands the contents and he admits the allegations are true and correct, such is a judicial confession.").

Because Calderon confessed in open court that the "facts alleged in the indictment" are true—and because there is no indication in the record that Calderon did not know or understand the allegations in the indictment or that his plea was involuntary—the State met its burden to introduce evidence "embrac[ing] every

4

essential element of the offense charged." *Stone*, 919 S.W.2d at 427; *see* TEX. CODE CRIM. PROC. ANN. art. 1.15. Therefore, the evidence was sufficient to support the conviction. We overrule Calderon's sole issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
16th day of August, 2012.

5