**Affirmed and Opinion Filed June 7, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01142-CR

**KELVIN JAMES TURNER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1339805-V**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Francis

Kelvin James Turner appeals from an order placing him on deferred adjudication for aggravated sexual assault of a child under fourteen years of age. After appellant waived a jury and entered a plea of nolo contendere, the trial court found there was sufficient evidence to substantiate guilt and placed appellant on community supervision for ten years and fined him $1,500. In his sole issue, appellant contends the evidence is insufficient to substantiate his guilt. We affirm.

Appellant was the adopted cousin of the complainant, J.J., and lived in the same house. J.J. testified he was playing a video game in appellant's room when appellant told him to get out. When J.J. refused to leave, appellant grabbed him, pulled down his pants, and inserted a drumstick into his anus. J.J. said it hurt. J.J. said the incident occurred sometime after his sixth

birthday in December 2011 and before the family moved in November 2012. He told his grandmother about the assault in October 2013 after she caught him "touching himself in his pants" while the two were watching television.

Six of J.J's family members testified at trial, including his mother, grandmother, and four adopted cousins. Each of them confirmed that appellant and J.J. lived in the house where the offense occurred. J.J.'s grandmother testified appellant was not supposed to let J.J. in his room because J.J. would often end up crying after being harassed by appellant. After the police were called, J.J. was taken to the Dallas Children's Advocacy Center where Nakisha Biglow interviewed him. Appellant's brother testified that he and the appellant shared a room and were living in the house with J.J. when the offense occurred. Appellant testified at trial and denied assaulting J.J.

The legal effect of a plea of nolo contendere is the same as that of a plea of guilty. TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006). When, as in this case, a defendant appeals a plea of no contest to a felony charge, the appellate standard of review for sufficiency of the evidence does not apply. *See O'Brien v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.). The State must introduce sufficient evidence into the record showing the defendant's guilt. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2015). There is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Rather, the supporting evidence must simply embrace every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

To support appellant's nolo contendere plea, the State was required to prove that appellant intentionally or knowingly caused the penetration of J.J.'s anus, and J.J. was younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B)

(West Supp. 2015). Appellant argues the evidence is insufficient to substantiate his guilt because the evidence is based solely on the testimony of a six-year-old child. He contends J.J.'s testimony was not credible and was contradicted by his own.

In sexual abuse cases involving a child, the testimony of a child victim alone is sufficient to support a finding of guilt. TEX. PENAL CODE ANN. art. 38.07 (West Supp. 2015); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978). Here, J.J. testified appellant put a drumstick in his anus. As for appellant's denial of the incident, the trial court, as factfinder, was the sole judge of the credibility of the witnesses and the weight to be given to their testimonies. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Reviewing the evidence under the proper standard, we conclude it embraces every essential element of the charged offense. We overrule appellant's only issue.

We affirm the trial court's order of deferred adjudication.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
151142F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KELVIN JAMES TURNER, Appellant

No. 05-15-01142-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1339805-V.
Opinion delivered by Justice Francis;
Justices Fillmore and Schenck participating.

Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **AFFIRMED**.

Judgment entered June 7, 2016.