**AFFIRMED and Opinion Filed February 21, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01292-CR

### EX PARTE CARLOS CALDERON

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. WX18-90064-L**

# MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Carlos Calderon appeals the trial court's order denying as frivolous his application for writ of habeas corpus filed pursuant to article 11.072 of the code of criminal procedure. In his sole issue, appellant contends the trial court erred and abused its discretion because appellate counsel rendered ineffective assistance by not raising an issue of insufficiency of the evidence. We affirm.

## BACKGROUND

In 2017, appellant entered a no contest plea to aggravated sexual assault of a child.[1] The trial court accepted appellant's plea, deferred adjudication of appellant's guilt, and placed him on community supervision for ten years. Appellant appealed the trial court's determination.

---

[1] We note that under Texas law, a plea of nolo contendere or no contest is equivalent to a plea of guilty except that it may not be used as an admission of guilt in civil court. *See* TEX. CODE CRIM. PROC. ANN. art. 27.02(5).

On appeal, appellate counsel filed a brief requesting only that the trial court modify the judgment to reflect appellant entered the plea of no contest. The State agreed to appellant's request and requested a further modification to reflect the complainant was under fourteen years of age. This Court made the requested modifications and affirmed the trial court's judgment. *See Calderon v. State*, No. 05-17-00916-CR, 2018 WL 2126822 (Tex. App.—Dallas 2018, no pet.) (not designated for publication).

Appellant filed an application for writ of habeas corpus contending appellate counsel rendered ineffective assistance by failing to raise on direct appeal an issue of the factual sufficiency of the evidence. The State responded that the court of criminal appeals has discarded factual sufficiency review and only legal sufficiency review is available for issues where the State bears the burden of proof. The State further responded that appellant would not be entitled to even legal sufficiency review because he entered a no contest plea to the offense and thus the State was only required to introduce evidence to support the plea in accordance with article 1.15 of the code of criminal procedure. The trial court entered an order concluding it had determined from the face of the application and exhibits that it was frivolous and that appellant was manifestly entitled to no relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §7(a).

### STANDARD OF REVIEW AND APPLICABLE LAW

An applicant for post-conviction habeas corpus relief bears the burden of proving his or her claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). When the underlying conviction results in community supervision, an ensuing post-conviction writ must be brought pursuant to article 11.072 of the code of criminal procedure. *Torres*, 483 S.W.3d at 42. In reviewing the trial court's order denying

habeas corpus relief, "we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor." *Id*. We defer to the trial court's ruling on mixed question of law and fact, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014). If, however, the trial court's determinations are questions of law, or else are mixed questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor, then we owe no deference to the trial court's determinations and review them *de novo*. *State v. Ambrose*, 487 S.W.3d 587, 596 (Tex. Crim. App. 2016).

We evaluate claims of ineffective assistance of appellate counsel under the same *Strickland* standard we use to evaluate such claims against trial counsel. *Smith v. Robbins*, 528 U.S. 259, 285–286 (2000); *see also Strickland v. Washington*, 466 U.S. 668 (1984) (establishing standard of review for claims of ineffective assistance of counsel). When a habeas applicant contends appellate counsel rendered ineffective assistance by failing to raise a particular issue on appeal, the applicant must show that appellate counsel's decision not to raise the issue was objectively unreasonable and that there is a reasonable probability that, but for appellate counsel's failure to raise the issue, the applicant would have prevailed on appeal. *Ex parte Santana*, 227 S.W.3d 700, 704–705 (Tex. Crim. App. 2007). Appellate counsel need not advance every argument, regardless of merit, urged by the defendant. *Ex parte Miller*, 330 S.W.3d 610, 623–624 (Tex. Crim. App. 2009). However, appellate counsel must raise claims that are indisputably meritorious under well-settled law and would necessarily result in reversible error. *Id*. at 624.

In cases where the guilt or innocence of the defendant is contested, the defendant may raise on appeal an issue of the legal sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624 (Tex. Crim. App. 2014).

The *Jackson* standard requires the reviewing court to view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id*. at 624–25.

In cases where the defendant enters a plea of guilty or no contest, however, the defendant is not entitled to *Jackson* legal sufficiency review. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986). The defendant's plea of guilty or no contest waives all non-jurisdictional defenses including any issue as to the insufficiency of the evidence. *See Williams*, 703 S.W.2d at 682. Under such circumstances, Texas law requires the State to introduce sufficient evidence to show every essential element of the offense charged and to establish the defendant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.).

## ANALYSIS

In his sole issue, appellant contends the trial court erred and abused its discretion in not granting his writ application because appellate counsel rendered ineffective assistance by not challenging the sufficiency of the evidence. Appellant contends the evidence shows the complainant's description of her assailant does not match appellant because the complainant described her assailant as having a gold tooth and other testimony in the record shows appellant does not have a gold tooth.

As the State points out, in his writ application, appellant contended appellate counsel failed to raise the factual sufficiency of the evidence. The court of criminal appeals has discarded factual sufficiency review and affirmed that only legal sufficiency review is available to apply to determine the sufficiency of the evidence. *See Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). Because factual sufficiency review is unavailable, it would not be objectively

unreasonable for appellate counsel to decline to raise it as an issue. *See Santana*, 227 S.W.3d at 705.

On appeal, appellant seeks to reshape his argument to complain more generally about appellate counsel's failure to raise any sufficiency challenge. We are limited, however, to reviewing the trial court's determination of the issues that were properly raised in the habeas petition and addressed by the trial court. *Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex. App.—Fort Worth 1998), *pet. dism'd*, 3 S.W.3d 576 (Tex. Crim. App. 1999). By raising in his writ application only appellate counsel's failure to contest factual sufficiency of the evidence, appellant has waived any other type of sufficiency challenge. *See Perez*, 536 S.W.3d at 880.

Moreover, because appellant entered a no contest plea, no complaint about the legal sufficiency of the evidence would be meritorious. *See Williams*, 703 S.W.2d at 682; *see also O'Brien v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.) (holding in pre-*Brooks* case that standards of review for legal and factual sufficiency do not apply when defendant enters knowing, intelligent, and voluntary plea of no contest to felony offense). Before appellate counsel became involved in appellant's representation, appellant had already waived his right to mount a challenge to the legal sufficiency of the evidence. *See Williams*, 703 S.W.2d at 682.

Likewise, appellant could not have mounted a meritorious challenge to the sufficiency of the evidence under article 1.15. The record shows the complainant testified appellant, her father's cousin whom she knew very well, sexually assaulted her by performing oral sex on her in an apartment in Cockrell Hill in 1997 or 1998 when she was four-or-five years old.

The complainant's testimony, standing alone, embraces every essential element of an offense for aggravated sexual assault of a child and thus satisfies the requirements of article 1.15. *See* Act of May 28, 1997, 75th Leg., R.S., ch. 1286, § 2, 1997 Tex. Gen. Laws 4911, 4911–12

(current version at TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (a)(2)(B) (Supp.) (setting forth elements of aggravated sexual assault). Accordingly, any argument that the evidence was insufficient under article 1.15 would have been frivolous.

We conclude appellant has failed to show that there is a reasonable probability that he would have prevailed if appellate counsel had raised a factual sufficiency of the evidence claim, or any sufficiency of the evidence claim, on direct appeal. *See Santana*, 227 S.W.3d at 704–705; *Miller*, 330 S.W.3d at 623–624. Therefore, appellant has failed to show he would be entitled to a new direct appeal based on a claim of ineffective assistance of appellate counsel. *See Santana*, 227 S.W.3d at 704–705; *Miller*, 330 S.W.3d at 623–624. We overrule appellant's sole issue.

## CONCLUSION

Appellant has failed to show that the trial court abused its discretion in concluding his writ application was frivolous on its face and denying relief. *See Torres*, 483 S.W.3d at 43; *Kniatt*, 206 S.W.3d at 664.

We affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181292F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE CARLOS CALDERON

No. 05-18-01292-CR

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. WX18-90064-L.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the trial court's order denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 21st day of February, 2019.