

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00167-CR

---

KERI LUDAHL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-2434, Honorable William R. Eichman II, Presiding

---

November 18, 2025

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Keri Ludahl, appeals her conviction for possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams.[1]  We affirm the judgment of the trial court.

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.112(a), (d).

BACKGROUND

While searching Appellant's purse and vehicle during a traffic stop, law enforcement officers discovered several baggies containing a substance later determined to be methamphetamine. The aggregate weight of the methamphetamine was approximately 25.6 grams. Appellant was indicted and pleaded guilty to the offense of possession of methamphetamine with intent to deliver, a first-degree felony. She signed a sworn "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which read, in part,

> The charges against me allege that on or about December 02, 2021, in Lubbock County, Texas, I, KERI LUDAHL . . . did then and there knowingly possess, with intent to deliver, a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams . . . .
>
> I understand the foregoing allegations and I confess that they are true.

In an open plea hearing, Appellant acknowledged signing the document. She agreed that she understood her plea and its consequences and chose to enter the plea freely. She further acknowledged that she was aware of the full punishment range for the offense. The trial court signed the document, acknowledging that Appellant came before the trial court and the trial court "approved the above" statement. The trial court accepted Appellant's plea and, in a later hearing, sentenced her to a ten-year term of imprisonment.

## ANALYSIS

In a single issue, Appellant argues that the evidence was insufficient to find her guilty of the charged offense. She asserts that the evidence established possession of methamphetamine but nothing more.

2

Where a defendant knowingly, intelligently, and voluntarily pleads guilty or nolo contendere to a felony, the appellate standards of review for sufficiency do not apply. *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988); *O'Brien v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.). The State is required to introduce evidence demonstrating the defendant's guilt, and no trial court is authorized to render a conviction in a felony case based on a plea of guilty without sufficient evidence to support the same. TEX. CODE CRIM. PROC. art. 1.15. While the State must introduce evidence into the record establishing a defendant's guilt, there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Rather, the supporting evidence must simply embrace each essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

A sworn written confession acknowledging guilt as to the offense charged, standing alone, is sufficient to satisfy the requirements of article 1.15. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). A judicial confession need not be offered into evidence to support a plea of guilty as long as it has been approved by the court and appears in the record. *Chamberlain v. State*, No. 07-14-00011-CR, 2015 Tex. App. LEXIS 3905, at *15 (Tex. App.—Amarillo Apr. 16, 2015, pet. ref'd) (per curiam) (mem. op., not designated for publication). Here, Appellant's sworn statement covers every element of the offense, including the intent to deliver element at issue on appeal. The trial court referred to Appellant's judicial confession when discussing and then accepting Appellant's plea. The trial court also signed and approved the document, which appears in the record.

3

We conclude that Appellant's sworn judicial confession sufficiently supports her plea of guilty to the offense. *See Wetterman v. State*, No. 07-17-00209-CR, 2018 Tex. App. LEXIS 5844, at *5 (Tex. App.—Amarillo July 27, 2018, no pet.) (mem. op., not designated for publication) (judicial confession in which defendant "confess[ed] to the offense of DWI exactly as charged in the indictment" sufficient to support defendant's plea of guilty); *Chamberlain*, 2015 Tex. App. LEXIS 3905, at *14–15 (judicial confession sufficient to support guilty plea even when trial court did not sign document and document was not offered into evidence); *Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (explaining that "judicial confession alone is sufficient to sustain a conviction" and that "judicial confession may take the form of an affirmative acknowledgment by the defendant that the indictment was true and correct"). Accordingly, we overrule Appellant's issue.

## CONCLUSION

We overrule Appellant's sole issue and affirm the trial court's judgment.


                                                    Judy C. Parker
                                                    Justice


Do not publish.