**MODIFY and AFFIRM; and Opinion Filed April 17, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-01085-CR**

**No. 05-14-01088-CR**

**No. 05-14-01089-CR**

**JASON SCOTT MCKINZIE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 219-80319-2013, 219-80320-2013, & 219-80761-2014**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Fillmore

Jason Scott McKinzie pleaded guilty to aggravated robbery (case number 05-14-01085-CR), unlawful possession of a firearm by a felon (case number 05-14-01088-CR), and possession of a prohibited substance in a correctional facility (case number 05-14-01089-CR) without the benefit of agreements on punishment. The trial court found McKinzie guilty of all three offenses and assessed punishment of fifty years' imprisonment on the aggravated robbery offense and ten years' imprisonment on each of the other two offenses. In his first issue, McKinzie asserts the evidence was insufficient to support his conviction for possession of a prohibited substance in a correctional facility. In his second issue, McKinzie contends his due process right to a neutral arbiter was violated in all three cases when the trial court required him to swear an oath on the Bible before testifying, but did not require other witnesses to do so. As modified, we affirm the

trial court's judgment in case number 05-14-01089-CR. We affirm the trial court's judgments in case numbers 05-14-01085-CR and 05-14-01088-CR.

## Background[1]

McKinzie entered an open plea of guilty to the charges he committed aggravated robbery, unlawfully possessed a firearm, and possessed a prohibited substance in a correctional facility. He also pleaded true to one punishment enhancement offense in the aggravated robbery case.

McKinzie chose to waive his right to testify for purposes of entering the pleas. After the trial court instructed McKinzie to place his left hand on the Bible and raise his right hand, it administered the oath to McKinzie. McKinzie then affirmed he understood the charges against him and the range of punishment for each charge. He responded to questions about his citizenship, his competency to enter the pleas, and whether he was voluntarily entering the pleas. McKinzie affirmed that he was freely and voluntarily pleading guilty and that he committed the offenses exactly as alleged in each indictment. Finally, he affirmed he signed a judicial confession in each case, and the three judicial confessions were admitted into evidence. The trial court accepted McKinzie's pleas, found the evidence sufficient to substantiate guilt, found McKinzie guilty of all three charges, and reset the case for sentencing.

At the sentencing hearing, the trial court noted that "[w]e're just picking up as if we had finished the hearing on Friday," and requested that "any witnesses for either side, please step into the room and we'll swear you in." The trial court instructed McKinzie that he "could have a seat," and asked the ten potential witnesses to "form a little semi-circle up there in front of the table." The trial court instructed the witnesses to raise their right hands and then administered the oath.

---

[1] We recite only those facts necessary to address McKinzie's complaints on appeal.

The trial court heard testimony and viewed exhibits relating to an aggravated robbery on November 25, 2012, during which McKinzie possessed a gun, and McKinzie's conduct after he was released on bond. It also took judicial notice of the evidence it considered in connection with the sentencing of McKinzie's accomplice to the aggravated robbery. McKinzie chose to testify during his case-in-chief. The trial court instructed McKinzie to place his hand on the Bible and then administered the oath. McKinzie testified about the robbery, his conduct after he was released on bond, his criminal history, and how much he regretted his decision to commit the robbery. McKinzie also presented evidence through other witnesses about his family obligations and the support he would receive from his family. The trial court sentenced McKinzie to fifty years' imprisonment on the aggravated robbery offense and to ten years' imprisonment on the unlawful possession of a firearm and possession of a prohibited substance in a correctional facility offenses.

## Sufficiency of the Evidence

In his first issue, McKinzie argues the evidence is insufficient to support the conviction for possession of a prohibited substance in a correctional facility. A sufficiency review on appeal of a guilty plea is confined to determining whether there is sufficient evidence to support the judgment of guilt under article 1.15 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.). The supporting evidence need not prove the defendant's guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet); *see Ex parte Martin*, 747 S.W.2d 789, 791–92 (Tex. Crim. App. 1988) (op. on reh'g). Rather, the evidence sufficiently supports a plea of guilty if it embraces every element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *McGill*, 200 S.W.3d at 330.

A person commits an offense by possessing a prohibited substance in a correctional facility. TEX. PENAL CODE ANN. § 38.11(d)(1) (West 2011). The indictment alleged that McKinzie "intentionally and knowingly possess[ed] a controlled substance, namely: Xanax, while in the Collin County Detention Facility." The indictment, therefore, embraced each element of the offense charged.

McKinzie's signed judicial confession was entered into evidence at the plea hearing. Both in the signed judicial confession and in his testimony at the plea hearing, McKinzie admitted that he committed the offense of possession of a prohibited substance in a correctional facility exactly as charged in the indictment. A judicial confession, standing alone, is sufficient to sustain a conviction based on a guilty plea and satisfies the requirements of article 1.15 as long as it embraces every element of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g). We conclude McKinzie's judicial confession that he committed the offense exactly as charged in the indictment is sufficient to support the conviction for possession of a prohibited substance in a correctional facility. We resolve McKinzie's first issue against him.

**Due Process**

In his second issue, McKinzie asserts his right to due process was violated in all three cases when the trial court required him to swear an oath on the Bible prior to testifying, but did not require any other witness to do so. McKinzie specifically argues that by requiring him to swear an oath on the Bible, the trial demonstrated it had a "fundamentally unfavorable view" of him.

During both the plea hearing and the sentencing hearing, the trial court instructed McKinzie to place his hand on the Bible prior to being sworn. At the sentencing hearing, the other witnesses, sworn as a group, were not instructed by the trial court to place their hands on

–4–

the Bible. The record, however, does not indicate whether the Bible was used while the trial court administered the oath to these witnesses. McKinzie did not object to either being required to place his hand on the Bible while being sworn or, assuming the Bible was not used while the other witnesses where being sworn, to the other witnesses not being required to place their hands on the Bible.

Relying on *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), McKinzie argues his due process right to a neutral judicial officer is fundamental, and he was not required to object in the trial court before pursuing his complaint on appeal. "Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial." *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013); *see also* TEX. R. APP. P. 33.1(a). However, "any party entitled to appeal is authorized to complain that an absolute requirement or prohibition" or fundamental right, was violated, even if error was not preserved in the trial court. *Marin*, 851 S.W.2d at 279–80. We need not determine whether the alleged error in this case was fundamental because, after reviewing the record, we find no indication of bias or partiality by the trial court. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (stating it need not decide whether an objection is required to preserve error of this nature and instead resolving issue on basis that record did not reflect partiality of trial court).

The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. The touchstone of due process is fundamental fairness. *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). Due process requires a neutral and detached judicial officer. *Gagnon*, 411 U.S. at 785–86; *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *Brumit*, 206 S.W.3d at 645. The trial court should always act as a neutral arbiter between the advocates.

*Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003); *Johnson v. State*, 452 S.W.3d 398, 405 (Tex. App.—Amarillo 2014, pet. ref'd). But, "[a]bsent a clear showing of bias, a trial court's actions will be presumed to have been correct." *Brumit*, 206 S.W.3d at 645.

To reverse a judgment based on improper conduct by the trial court, we must conclude the judicial impropriety occurred and prejudice probably resulted to the complaining party. *Johnson*, 452 S.W.3d at 405; *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Our review encompasses the entire record. *Dockstader*, 233 S.W.3d at 108. Judicial conduct that is critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily does not support a bias or partiality challenge. *Id.*. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion"; however, judicial remarks during the course of a trial will support a bias or partiality challenge if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v United States*, 510 U.S. 540, 555 (1994); *Luu v. State*, 440 S.W.3d 123, 129 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Even if McKinzie was the only witness required to place his hand on the Bible while being sworn, the record does not establish the trial court displayed any bias against McKinzie, let alone such a high degree of antagonism as to make fair judgment impossible. Accordingly, we resolve McKinzie's second issue against him.

**Modification of Judgment**

The trial court's judgment in the possession of a prohibited substance in a correctional facility case incorrectly states the applicable statute is section 38.11(g) of the penal code, which relates to the degree of the offense. *See* TEX. PENAL CODE ANN. § 38.11(g). Accordingly, on our own motion, we modify the trial court's judgment in case number 05-14-01089-CR to reflect McKinzie was convicted pursuant to section 38.11(d)(1) of the penal code. *See* TEX. R. APP. P.

43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment in case number 05-14-01089-CR. We affirm the trial court's judgments in case numbers 05-14-01085-CR and 05-14-01088-CR.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

141085F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JASON SCOTT MCKINZIE, Appellant

No. 05-14-01085-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas,
Trial Court Cause No. 219-80319-2013.
Opinion delivered by Justice Fillmore, Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of April, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JASON SCOTT MCKINZIE, Appellant

No. 05-14-01088-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District
Court, Collin County, Texas,
Trial Court Cause No. 219-80320-2013.
Opinion delivered by Justice Fillmore,
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of April, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JASON SCOTT MCKINZIE, Appellant

No. 05-14-01089-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District
Court, Collin County, Texas,
Trial Court Cause No. 219-80761-2014.
Opinion delivered by Justice Fillmore,
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment titled "Statute for Offense" is modified to state 38.11(d) Penal Code.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of April, 2015.